[Civ. No. 3645. First Appellate District, Division One.—December 31, 1920.]

# HUGH W. JUDD, Appellant, v. ALEX WEBSTER, Respondent.

[1] NEGLIGENCE—COLLISION BETWEEN BICYCLE AND AUTOMOBILE—ASSUMPTION OF COMPLIANCE WITH LAWS OF ROAD—RIGHT OF RELIANCE UPON—INSTRUCTION — EVIDENCE. — In an action for personal injuries received by the plaintiff in a collision at the intersection of two public highways between the bicycle which he was riding and an automobile owned and driven by the defendant, the plaintiff cannot obtain a reversal of the judgment for the refusal to give an instruction to the effect that when entering the intersection he was entitled to assume that the defendant would comply with the requirements of the Motor Vehicle Act and yield the right of way to a vehicle approaching from the right, where the evidence showed that plaintiff entered the intersection without looking to his left, confining his attention to the right, until a moment just before the accident when too late to do anything himself to avoid it.

[2] ID.—TRAVEL ON RIGHT-HAND SIDE OF ROAD—DUTY OF DEFENDANT —INSTRUCTION—ABSENCE OF OBSTRUCTION.—A modification of a requested instruction that it was the duty of the defendant to travel on the right-hand side of the road while crossing the intersection, and a failure so to do was negligence without further proof, by adding thereto the proviso that "there was no obstruction or other sufficient cause closing to travel the right-hand side," was not prejudicial to the plaintiff where the record showed there was no obstruction.

[3] ID.—UNSKILLFULNESS IN OPERATION OF CAR—INSTRUCTION.—The refusal to give a requested instruction that if the jury believed the plaintiff was injured by the unskillfulness of the defendant in the operation of his car, whether such unskillfulness was due to inexperience in driving or to his physical condition, plaintiff was entitled to a verdict, was not prejudicial error where it appeared from the evidence that the defendant had driven his car four

1. Rule of the road governing vehicles at intersection of streets and when turning across street, notes, 1 Ann. Cas. 164; 41 L. R. A. (N. S.) 346.

Violation of statute or ordinance giving one vehicle right of way over another as affecting liability for injury, notes, 5 L. R. A. (N. S.) 252, 256; L. R. A. 1915D, 1021; L. R. A. 1917D, 693.

Law of the road as applied to bicyclists, notes, 48 Am. St. Rep. 877; 47 L. R. A. 293.

months, covering about four thousand miles, and that while he could not operate the foot-brake in the usual manner, he could and did operate it by hand.

APPEAL from a judgment of the Superior Court of Monterey County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wyckoff & Gardner and Rea, Cassin & Caldwell for Appellant.

Webster & Lyon for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of the defendant in an action for damages for personal injuries received by plaintiff in a collision with an automobile owned and driven by the defendant.

The questions to be determined relate to the refusal of the trial court to give certain requested instructions to the jury.

A brief outline of the facts of the case will be of advantage in arriving at that determination. The collision occurred on July 30, 1918, at the intersection of two public highways in the county of Monterey, namely, the San Juan road and the Castroville road, the former running east and west and the latter north and south. The plaintiff was mounted on a bicycle and was proceeding along the Castroville road in a northerly direction, pursuing his course on the easterly or right-hand side thereof. He reached the San Juan road and crossed to its northerly side, turning his bicycle gradually to the west. At the same time the defendant, driving an automobile along the San Juan road, approached from the west the intersection of the two highways. The automobile and bicycle came into collision at some point in said intersection north of the medial line of San Juan road and near the medial line of its intersecting thoroughfare.

The complaint alleged that the defendant was driving his automobile at a high rate of speed and on the wrong side of the road; that he did not yield the right of way

to plaintiff; that he failed to look for or to see traffic approaching from his right, and that by reason of his inexperience as a driver and of a physical infirmity he was unskilled in the operation of his car, which matters the plaintiff alleges to be the proximate cause of the collision in question. The defendant denied these allegations, and in his turn charged the plaintiff with contributory negligence in that he proceeded to cross the San Juan road without first ascertaining the condition of traffic thereon and without looking where he was going, and from the time he started to cross said road until a moment before the collision the plaintiff was looking to his right.

Our examination of the record discloses that there was no evidence that at the moment of or just before the collision the defendant was traveling at an unlawful rate of speed or, in fact, faster than about ten or fifteen miles an hour; nor is there any satisfactory evidence that he was traveling on the wrong side of the road. It is admitted, however, that the impact occurred on the northerly side of the San Juan road; but defendant's claim in this regard is that he turned to that part of the road from its southerly side, upon which he was traveling, in an attempt to avoid the collision. As to the alleged unskillfulness of the defendant in the operation of his car, it appears that he had been driving an automobile for about four months, covering in that period about three thousand miles. It also appeared that while he was lame and could not use his right leg for the manipulation of the foot-brake of his car, he had had a lever attached to said brake, by means of which he experienced no difficulty in its prompt and effectual use.

[1] The plaintiff relies chiefly for a reversal of the judgment in favor of the defendant upon the refusal of the court to instruct the jury as follows: "The plaintiff Judd at the time he entered into the San Juan road from the Castroville road was not bound to assume that the defendant would abandon any reasonable precaution or violate any obligation imposed upon him by the laws of the land. The plaintiff was authorized in this case to assume that the defendant and all other persons using the road would do so with ordinary care, and would observe the rules of the road as established by law. In other

words, the plaintiff Judd, when entering upon the San Juan road, was entitled to assume that the defendant Webster would comply with the requirements of the Motor Vehicle Act that he travel on the right-hand side of the San Juan road and yield the right of way to a vehicle approaching from the right.''

This instruction, while laying down a correct proposition of law generally, would, we think, under the circumstances of this case, have had a tendency to mislead the jury. The testimony on the part of both plaintiff and defendant showed that the plaintiff entered the intersection where the collision occurred without looking to his left, confining his attention to the right, until a moment just before the accident, when too late to do anything himself to avoid it. During the trial it was contended by the appellant that the law cast no obligation upon him to look to the left, and that he might cross an intersecting road or street consciously oblivious to what might be happening on his left. The court construed this proffered instruction of the plaintiff as drawn upon that theory, and hence liable to mislead the jury. But in refusing to give this instruction as requested, it did instruct the jury upon this phase of the case. It advised them substantially that while the plaintiff had a right at the time he approached the intersection in question to assume that the defendant would obey the law and yield to him the right of way, still this assumption would not excuse the plaintiff from exercising at the same time the care which an ordinarily prudent man would exercise under the particular circumstances; in other words, that the right to assume that a fellow user of a public highway would obey the law was not absolute, and to be indulged in regardless of all other considerations. The instruction given by the court upon this phase of the case sufficiently advised the jury of the plaintiff's rights; and he is, therefore, in no position to complain of the court's refusal to instruct the jury in the language proposed by him. In the case of *Scott* v. *San Bernardino V. T. Co.*, 152 Cal. 604, [93 Pac. 677], it is said: ''It is the law that one walking or driving in a public street is bound to use reasonable care to look and listen as he goes, so as to be able to avoid collisions with others exercising the common privilege of

using the street. This duty is not confined to persons driving or about to drive upon a street-car track. . . . The rights and obligations of all persons using a public street are, in this respect, reciprocal. Each may rightfully expect that the other will, at the proper time, discharge his proper duty toward others. He cannot rely wholly on the care of others, nor, on that account, neglect to use the precautions which the particular situation demands of him. But he frequently must, to some extent, depend on others in such situations, and his conduct must be considered in view of that fact in determining whether or not it is negligent. His care, or want of care, in such cases is generally a matter to be determined by the jury from all the circumstances surrounding him at the time.''

In the instant case the plaintiff, when about fifty feet from the intersection of the San Juan and Castroville roads, observed two automobiles approaching from the left at a distance of about two hundred feet, and yet he proceeded to cross the intersection without again looking to the left. He testified that he was concerned with ascertaining the condition of the traffic on his right, from which direction, however, no vehicles were approaching; but this preoccupation cannot excuse a disregard of ordinary care, which required that he should also look to ascertain traffic conditions on his left. The jury evidently believed that under the circumstances of the case the plaintiff was guilty of contributory negligence in neglecting so to do. (*Sheldon* v. *James,* 175 Cal. 474, [2 A. L. R. 1493, 166 Pac. 8] ; *Mayer* v. *Anderson,* 36 Cal. App. 740, [173 Pac. 174].)

[2] Plaintiff also complains of the court's modification of his proposed instruction No. 9. The pertinent part of the requested instruction is as follows: "In driving easterly on the San Juan road it was the duty of the defendant to travel on the right-hand side of that road while crossing the intersection of the Castroville road. If he failed so to do, that fact in itself constituted negligence, and no further proof of negligence is necessary.'' To this instruction the court added: "Provided there was no obstruction or other sufficient cause closing to travel the right-hand side.'' We think this modification did not add to the burden of plaintiff in establishing a *prima facie*

case. It is true that if there had been an obstruction on the road, the modification introduced by the court would have been more apposite; but as it is a conceded fact that there was no obstruction on the San Juan road, we are at a loss to understand how it can be reasonably contended that the instruction as given was prejudicial to the plaintiff.

[3] The only other point raised is as to the refusal of the court to give plaintiff's proposed instruction No. 14. The text of the instruction as it appears in the record is not clear, doubtless due to errors in transcribing; but it in effect states that if the jury believed from the evidence that the plaintiff was injured by the unskillfulness of the defendant in the operation of his car, whether such unskillfulness was due to inexperience in driving or to his physical condition, plaintiff was entitled to a verdict in his favor at the hands of the jury.

The plaintiff does not appear to have relied much upon his allegation of unskillfulness on the part of the defendant in the operation of his automobile, the only evidence upon that issue having been brought out by the defendant when being cross-examined by his counsel over the objection of the plaintiff. Such evidence was to the effect, as before stated, that the defendant had driven his car for four months, covering in that time about three thousand miles; and that while he could not operate the foot-brake in the usual manner, he could and did operate it by hand, having provided a suitable attachment to the braking mechanism which permitted its effectual operation in that manner. Under these circumstances, and under the general instructions as to what constitutes ordinary care and negligence, we cannot say that the refusal to give the proposed instruction was prejudicial error.

We are of opinion, after a careful examination of the court's instructions as a whole, that they were full, fair, and impartial.

The judgment is affirmed.

Richards, J., and Bardin, P. J., *pro tem.*, concurred.