[Civ. No. 3447.  Second Appellate District, Division One.—March 29, 1921.]

## ROBERT E. HAYNES, Respondent, v. G. W. DOXIE, Appellant.

[1] NEGLIGENCE—OPERATION OF AUTOMOBILE—KNOWLEDGE OF CONDITIONS OF ROAD—RATE OF SPEED PERMISSIBLE.—Where the condition of the road, as to its openness and the distance to any point of intersection or any railroad crossing, is known to the driver of an automobile, he is entitled to proceed at a rate of speed reasonable under those conditions and not exceeding that permitted by the Motor Vehicle Act, and is not guilty of negligence as a matter of law in driving at a speed of eighteen miles per hour merely because at that rate of speed he cannot avoid objects such as a motor-truck standing in the highway without lights, after they come within the area lighted by his lights.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thos. C. Ridgway for Appellant.

C. W. Hall for Respondent.

CONREY, P. J.—In this action the plaintiff recovered judgment against the defendant in a sum allowed as damages for injuries to plaintiff's automobile, which injuries

1. Speed of automobiles as negligence, notes, 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1180; 51 L. R. A. (N. S.) 993.

were caused by negligence of the defendant resulting from a collision between plaintiff's automobile and a truck operated by the defendant. The defendant appeals from the judgment.

On the evening of February 20, 1920, after sundown and at about the hour of 6 o'clock, darkness having set in, and at a time when there was a steady downpour of rain, the defendant, while operating a motor-truck headed in a westerly direction on Wilshire Boulevard, in the county of Los Angeles, stopped his truck at or near the middle of the road for the purpose of placing lights on the truck. This left the truck standing in the street without lights, and the defendant did not have a lighted lantern, or a light of any description, upon the rear end of the truck at the time when it was struck by plaintiff's automobile as hereinafter stated. In addition to the foregoing facts, the court found that at said time the plaintiff was driving an automobile in a westerly direction, on the northerly side of and near the center of the road; that at said time the plaintiff was driving at the rate of eighteen miles per hour and was unable to and did not see said motor-truck until he was twenty-five or thirty feet from the rear end of the truck; that the plaintiff, while driving as aforesaid, ran into and collided with the rear end of the truck; that the direct and proximate cause of the collision, and of the damage suffered by plaintiff's automobile, was the negligence and carelessness of the defendant in stopping his truck in such a position that its left or south wheels were in the middle of said Wilshire Boulevard, and also the fact that as plaintiff's automobile approached the rear of said truck, defendant was standing to the left or southerly side of said truck and shouted at plaintiff, which caused plaintiff to attempt to pass to the right of said truck, and that but for defendant's act in shouting at plaintiff, he might have turned to the left and avoided a collision with the truck; that the direct and proximate cause of the collision between plaintiff's automobile and the truck was the negligence and carelessness of the defendant in not stopping his truck near the edge of the boulevard, as required by the Vehicle Act of the state of California (Stats. 1919, p. 191), and because of the unusual darkness and rain, and also because of the fact that defendant, by shouting, caused plaintiff to at-

tempt to pass said truck on the right, thereby striking the rear of the truck; that the collision occurred without fault on the part of plaintiff; that it is not true that plaintiff did not exercise ordinary care or caution or prudence to avoid the collision, and it is not true that the damages sustained by plaintiff were either directly or proximately contributed to or caused by the fault or carelessness or negligence of the plaintiff; and it is not true that plaintiff operated his automobile negligently or carelessly, or at a reckless or excessive rate of speed, or at the rate of thirty-five or forty miles per hour, or that by any fault or negligence of the plaintiff he caused his automobile to collide with the truck; that Wilshire Boulevard is a county boulevard outside of the city of Los Angeles; that the boulevard extends about one-half mile in an easterly and about a half mile in a westerly direction from the place of the accident without intersecting any highway or railroad crossing, and is level for that distance in both directions from the place of the accident, all of which facts were within the knowledge of both parties prior to and at the time of the accident. The contentions of appellant, as stated by his counsel, are as follows: 1. That the plaintiff was guilty of contributory negligence both upon the evidence and the findings of fact; 2. That plaintiff's negligence was contributory negligence as a matter of law; 3. That the court erred in finding that a shout of warning was negligence on the part of the defendant; 4. That the findings are inconsistent and do not support the conclusions of law.

The points above stated impliedly concede negligence on the part of the defendant. From the facts proved and found, it seems clear that the accident was caused by negligence of the defendant and that there is no defense to the action unless the plaintiff was guilty of negligence which directly and proximately contributed to and caused the collision and damage.

[1] In support of the claim that plaintiff was guilty of negligence, dependence is placed upon the testimony of plaintiff wherein he stated that it was dark and rainy; that his windshield was wet and was fairly hard to see through; that it was slightly downgrade there and the road was slippery and the car more or less inclined to skid; that plaintiff did not see the truck until he was within twenty-five or thirty feet from

it. On these facts we are asked to declare it to be the rule that it is negligence for the driver of an automobile to drive on the highway on a dark night at such a rate of speed that he cannot avoid objects after they come within the area lighted by his lights. The principal decisions relied upon are cited in *Ham* v. *County of Los Angeles,* 46 Cal. App. 148, [189 Pac. 462], a recent decision rendered by division two of this court. The court there said: "We are not prepared to say that negligence may not be predicated as a matter of law, irrespective of any positive law as to speed limits, where an automobile is being driven in the night on any part of the highway, and where the driver is dependent upon the lights of his machine for knowledge of the condition of the road and the traffic upon it, and runs into an obstruction, if he drives at a rate of speed which will not permit him to stop or slow up within the radius illuminated by his lights, and the accident is proximately caused thereby." The fact that respondent was not able to see, and did not see, the unlighted truck until he was within twenty-five or thirty feet of the same does not fully establish the facts necessary to give appellant the benefit of the rule above stated. Notwithstanding the facts stated, it may also be true that if the truck had been lighted as required by law, plaintiff would have been able to see it, and would have seen it, while at a distance great enough to enable him to stop his automobile and avoid the collision. The condition of the road, as to its openness and the distance to any point of intersection or any railroad crossing, was known to both parties, and the plaintiff was entitled to proceed at a rate reasonable under those conditions and not exceeding thirty miles per hour. Our conclusion is that the plaintiff was not guilty of negligence in operating his automobile at the speed at which he was traveling at the time of the accident. It is not claimed that he was guilty of any other negligence. This being so, the third point above stated becomes immaterial.

We have given consideration to the contention that the findings are inconsistent and do not support the conclusions of law. These claimed inconsistencies relate to findings defining the positions of the truck and the automobile on the street and several statements in the findings defining acts of negligence of which the defendant was guilty. The

decision herein is not dependent upon the question of whether or not the truck was left standing on the left side of the roadway. Assuming that it was at the right of the middle of the road, it remains true that the truck was wrongfully allowed to stand unlighted in the path of road travel and under conditions likely to cause injury to persons lawfully traveling on the highway. It was the duty of defendant to operate his truck "in a careful manner with due regard for the safety and convenience of pedestrians and of all other vehicles or traffic upon such highway." (Vehicle Act, sec. 20 (a), Stats. 1919, p. 215.) The finding which refers to the act of defendant in shouting at the plaintiff, and the effect thereof under the circumstances stated, was material only for the purpose of determining whether plaintiff's negligence, if he was negligent, was the proximate cause of the collision. Since it has been determined herein that negligence of the plaintiff is not established, the incidental question of proximate cause becomes unimportant.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 26, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1921.

All the Justices concurred.