[Civ. No. 4241.  Second Appellate District, Division One.—June, 9, 1924.]

PAUL A. WURL, Respondent, v. FRED WATSON et al., Appellants.

[1] NEGLIGENCE—PROXIMATE CAUSE.—Proximate cause is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred.

[2] ID.— AUTOMOBILE COLLISION — PROXIMATE CAUSE — EVIDENCE.— In this action for damages arising out of a collision between an automobile driven by plaintiff and a motor-truck being operated by defendants, the evidence showed that the position of the truck (on plaintiff's side of the road) as it was driven over the highway was at least one of the direct causes which continued unbroken by any other efficient intervening cause up to and including the very instant that the accident occurred, and without which there would have been no collision between the two motor vehicles.

[3] ID.—LIMITED SPEED ON CURVES—WHEN STATUTE INAPPLICABLE.— The provision of subdivision (a) of section 22 of the Motor Vehicle Act limiting the speed of automoblies to fifteen miles per hour "in going around corners or curves in the highway" when the view is obstructed is not violated by driving at a speed of twenty-five miles per hour around a curve, where the curve is so slight that the road is visible in the daytime to a person situated as was plaintiff for a distance of at least one hundred yards ahead of him.

1. See 19 Cal. Jur. 556.

2. See 3 Cal. Jur. 927.

3. Application of general rules as to speed of automobile, notes, 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1180, 51 L. R. A. (N. S.) 993. See, also, 3 Cal. Jur. 843; 2 R. C. L. 1191.

[4] ID.—ROUNDING CURVE AT NIGHT—EXCESSIVE SPEED—COMPLIANCE WITH STATUTE.—Where the curve in a road is so slight that the provision of subdivision (a) of section 22 of the Motor Vehicle Act restricting vehicles to a speed of fifteen miles per hour in going around curves has no application, negligence may not be ascribed to the operator of an automobile, who, being familiar with the road, drives his car in the night-time around such curve at a greater speed than fifteen miles per hour, relying not only upon his own lamps to light one-half of the highway for a distance ahead of him greater than the distance within which his car might be stopped, but as well upon the duty imposed by law upon motor-trucks approaching from the opposite direction requiring them to have two lighted lamps visible at least two hundred feet in the direction in which the motor-truck is proceeding.

(1) 32 Cyc., p. 745.   (2) 28 Cyc., p. 38.   (3) 28 Cyc., p. 34. (4) 28 Cyc., p. 37.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs and W. I. Gilbert for Appellants.

Allen G. Mitchell for Respondent.

HOUSER, J.—This is an action for damages arising out of a collision which occurred between an automobile driven by plaintiff and a motor-truck being operated by defendants. The collision occurred on a long curve in a highway at about 11 o'clock at night. The findings show that just prior to the happening of the accident plaintiff was driving his automobile easterly over a highway with which he was very familiar at a rate of twenty-five miles per hour; that defendants' truck with a trailer attached thereto was being driven westwardly at from eight to twelve miles per hour, with the left wheels of the truck about one foot south of the center of the highway, and with no lights either on the

4. Application of the general rule as to lights on automobiles, notes, 38 L. R. A. 489; 51 L. R. A. (N. S.) 996.

Validity and construction of regulations as to lights on automobiles, note, 11 A. L. R. 1226. See, also, 3 Cal. Jur. 787; 2 R. C. L. 1192.

truck or on the trailer; that the lights were burning on plaintiff's automobile both immediately prior to and at the time the accident occurred. The evidence showed that on the northerly side of the highway an embankment cut off the view so that neither of the parties saw the other as each of them was rounding the curve until they were separated by a distance of approximately fifty feet, although in the daytime from the point of the accident the highway is visible in a westerly direction for a distance of about one hundred to one hundred and twenty yards. Judgment went for plaintiff, and defendants appeal.

While it is admitted by appellants that the findings show negligence on the part of defendants, it is contended, first, that as a matter of law such negligence was not the proximate cause of the accident; and, secondly, that the evidence established the contributory negligence of the plaintiff, and hence that the judgment should be reversed

[1] Proximate cause has been variously defined, but the definition thereof which appears to meet with general approval is that it is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred. [2] The actual contact of the two machines was only as to the left front wheel of the automobile driven by plaintiff, passing very closely to the inside of the left front wheel of the truck, and then colliding with the front of the truck, which of necessity resulted in the left front wheel of the truck pursuing a similar course, with the same result with reference to the automobile—from which it follows, without consideration of the fact that the truck was being driven without lights, that had the truck been "on its own side of the road" the collision would not have occurred. The position of the truck as it was driven over the highway was at least one of the direct causes which continued unbroken by any other efficient intervening cause up to and including the very instant that the accident occurred, and without which cause there would have been no collision between the two motor vehicles.

[3] Plaintiff was driving his car where he had a legal right to drive it. The only question with reference to his operation of his automobile arises from the manner in which the automobile was driven around the curve. The substance

of the law, as set out in subdivision (a) of section 22 of the Motor Vehicle Act (Stats. 1915, p. 397, as amended by Stats. 1919, p. 220), is that no person shall operate or drive a motor vehicle on any public highway at a greater rate of speed than fifteen miles an hour in "going around corners or curves in the highway, when . . . the operator's or driver's view of the road . . . is obstructed."

The first matter entitled to consideration is whether or not that part of the statute which limits the speed of automobiles to fifteen miles per hour "in going around corners or curves in the highway" when the view is obstructed was violated. Notwithstanding the fact that the embankment shut off the view on the side of the curve on which the accident occurred, the road was visible in the daytime to a person situated as was plaintiff for a distance of at least one hundred yards ahead of him. The degree of the curve, therefore, must have been so slight that to a driver of an automobile, in the absence of the embankment, the road would appear to be nearly straight. However, although the highway could be seen for a distance of one hundred yards ahead, the embankment, beyond a distance of one hundred yards, constituted somewhat of an obstruction. The words of the statute should be given a reasonable construction. The purpose of the statute was that one driving an autmobile might see sufficiently far so that in case another automobile was approaching from the opposite direction a clear opportunity for avoiding a collision would be afforded. One hundred yards is a considerable distance. If an accident could not be averted within such a space it would seem unlikely that the question of distance would be a factor in preventing a collision. To hold that anything which prevented the driver of an automobile from seeing the road ahead of him for only a greater distance than one hundred yards constituted such an obstruction within the meaning of the statute as would limit the legal rate of speed on such a curve to fifteen miles per hour, would be placing a construction upon the statute which, in the light of experience and observation in the management and operation of automobiles, would be unreasonable and not within the contemplation of the legislature in its enactment of the statute.

The suggestion is also made that darkness constitutes an obstruction. Plaintiff testified that as he rounded the curve

the lights of his automobile showed one-half of the road for a distance of seventy-five feet in front of him, and that, traveling as he was at the time of the accident, his automobile could have been stopped in a distance of fifty feet. Assuming, then, that at the very instant defendants' truck could possibly have been seen by plaintiff, he had exerted every effort to stop his automobile, there would have been a space of twenty-five feet between the automobile and the truck by the time plaintiff's automobile could have been stopped had the truck, instead of moving, been a stationary object. Defendants' truck, however, according to the evidence, was moving toward plaintiff's automobile at a rate of between eight and twelve miles per hour. Of course, in such emergencies both distances and rates of speed can only be estimated. Any testimony which would pretend accuracy in such matters on occasions of that nature would ordinarily be regarded as questionable. Plaintiff's view of the road may have been a few feet more or a few feet less than seventy-five feet, and, in addition thereto, a further inaccuracy may have existed in the width of the road which was visible to him for the distance of seventy-five feet; likewise regarding the distance which in the prevailing conditions the automobile might have been stopped.

On the date of the accident the statute to which reference has been made provided that (except under certain conditions therein specified) "it shall be unlawful to operate or drive at a rate of speed in excess of thirty miles an hour." Therefore, if neither the embankment nor darkness constituted an "obstruction," each of the parties to this action had the legal right (without considering other provisions of the statute) to operate his car around the curve in question at the rate of thirty miles per hour. Taking plaintiff's statement as correct, that to him one-half the highway was visible for a distance of seventy-five feet as he rounded the curve, and that traveling thereon at the rate of twenty-five miles per hour he could stop his automobile in a distance of fifty feet, it may be assumed also that if another automobile traveling at the rate of twenty-five miles per hour in a direction opposite to that in which plaintiff was traveling had been similarly equipped with lights and brakes, the driver thereof would also have been able to see one-half the highway for a distance of seventy-five feet ahead of his

automobile, and likewise could have stopped his automobile in a distance of fifty feet. The lights on plaintiff's automobile and the lights on defendants' truck, assuming them to have been burning, would have made the highway visible for at least one hundred and fifty feet. Of course, the lights on the one automobile would be visible to the driver of the other automobile for a much greater distance than one hundred and fifty feet—probably under normal atmospheric conditions for at least as great a distance as the curve of the road would permit vision in the daytime, which, as above stated, was about one hundred yards; and as plaintiff rounded the curve he had a right to assume that, in accordance with the law (sec. 13 [a], Stats. 1919, p. 206), defendants would have two lighted lamps which would be visible at least "two hundred feet in the direction in which the truck was traveling." (*Judd* v. *Webster,* 50 Cal. App. 743 [195 Pac. 929]; *Scott* v. *San Bernardino etc. Co.,* 152 Cal. 604 [93 Pac. 677].) Under such conditions plaintiff would have been able to see defendants' truck when it was at least one hundred yards ahead of plaintiff, and in all probability, because of the light on defendants' truck, would have been apprised of the fact that some motor vehicle was approaching long before it actually came within the range of plaintiff's actual vision of it.

The case of *Ham* v. *County of Los Angeles,* 46 Cal. App. 148 [189 Pac. 799], is authority for the rule to the effect that as to an inanimate object not required to be lighted (as is a motor vehicle) and with which inanimate object the automobile may collide, darkness may be considered as an obstruction within the meaning of subdivision (b) of section 22 of the Motor Vehicle Act; but, as is laid down in the case of *Haynes* v. *Doxie,* 52 Cal. App. 133 [198 Pac. 39], where the condition of the road is known to the driver of an automobile he is entitled to proceed at a rate of speed reasonable under such conditions and within the limits of the law, and negligence cannot be imputed to him simply because he may be driving in the dark and unable to stop his automobile and avoid collision with objects after they come within the range of the lights on his automobile.

[4] If the conclusion be correct that in the daytime the statute which forbids driving at a greater rate of speed than fifteen miles per hour around a curve where the view is

obstructed has no application where the curve is so slight that the highway is visible for a distance of one hundred yards ahead of an automobile, it would also follow that negligence may not be ascribed to the operator of an automobile who, being familiar with the road (as was plaintiff here), drives his car in the night-time around the same curve at a greater rate of speed than fifteen miles per hour, relying not only upon his own lamps to light one-half of the highway for a distance of seventy-five feet ahead of him, but as well upon the duty imposed by law upon motor-trucks approaching from the opposite direction requiring them to have two lighted lamps visible at least two hundred feet in the direction in which the motor-truck is proceeding.

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.