**E. J. T. Moyer, Appellee, v. Vaughan's Seed Store, Appellant.**

## Gen. No. 31,059.

1. HIGHWAYS—*contributory negligence of driver of automobile operated at speed preventing stop within range of lights question for jury.* The question of contributory negligence was for the jury, in an action for damage to an automobile in collision with a truck standing in the highway on a rainy night, where there was evidence that the truck had no rear lights and was not easily discernable, although the automobile was being driven at a speed such that it could not be stopped within the range of its lights.

2. APPEAL AND ERROR—*want of prejudice from testimony of witness from memorandum made by another, where memorandum itself prima facie proof of facts of testimony.* Defendant in an action for damage to an automobile in a collision was not prejudiced by a ruling permitting a witness to testify as to the time spent and materials used in making repairs, although he testified from a memorandum not made by himself, the items of the memorandum being prima facie reasonable and there being no evidence contra.

3. DAMAGES—*receipted bill for automobile repairs made following damage in collision as prima facie evidence of reasonableness of amount paid.* Where there is evidence, in an action for damage to an automobile by collision, that the car was damaged, that the repairs thus necessitated were made by a concern engaged in the business of making such repairs, and that the owner paid the bill presented for making such repairs, the bill itself is prima facie evidence that the amount paid was reasonable, in the absence of evidence casting suspicion upon the transaction.

Moyer v. Vaughan's Seed Store, 242 Ill. App. 308.

4. HIGHWAYS—*visibility required of motor vehicle headlights on dark, foggy night, under Cahill's St. ch. 95a, ¶ 17.* Cahill's St. ch. 95a, ¶ 17, requiring motor vehicles to be equipped with headlights visible at least 200 feet in the direction towards which such motor vehicle is proceeding, does not require that such lights shall be visible at that distance on a dark, foggy night.

Appeal by defendant from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed November 17, 1926.

JOSEPH J. AUGUSTUS, for appellant.

ANTHONY J. SCHMIDT and BENJAMIN A. PIPER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover the expenses he was put to in repairing his automobile which he claimed was occasioned by defendant's negligence. The jury returned a verdict in favor of plaintiff for $772.50, upon which judgment was entered and the defendant appeals.

About 6.50 o'clock of the evening of November 17, 1922, plaintiff's automobile, a five-passenger touring car was being driven east in Ogden Avenue in the vicinity of Downers Grove, Du Page county, Illinois. The evening was dark and there was a drizzling rain falling so that the driver of the automobile could not see more than 20 feet in front of the car. It was being driven at from 20 to 25 miles per hour. The evidence shows it could be stopped within 60 or 65 feet. A truck belonging to the defendant was being driven east in Ogden Avenue loaded with some shrubbery. The driver of the truck had some difficulty with his headlights and had stopped to adjust them. He got out of the truck, tightened up his headlights so that they worked properly and was in the act of getting

into the truck again when it was struck from the rear by plaintiff's automobile, pushed to one side and turned over. The driver of the truck testified that he had pulled partially off the pavement, which was 18 feet wide, and as far as it was safe for him to do before he stopped the truck, while witnesses for the plaintiff, who were in the plaintiff's car, testified that no part of the truck was off the pavement. Plaintiff's witnesses also gave evidence to the effect that there was no rear light on the truck at the time, while the driver of the truck testified that he had lighted the rear lamp and that it was burning when he last looked at it, which was a mile or so from the place where the accident occurred. Plaintiff's witnesses also testified that just before the accident the driver of the automobile had dimmed his lights on account of a truck approaching from the opposite direction and that after passing this truck he switched on his lights and at that time he was within six feet of the truck and unable to prevent the collision, although he applied his brakes and did everything that he could.

The defendant contends that the judgment is wrong and should be reversed because under the evidence it was entitled to a peremptory instruction at the close of the case. In support of this it is argued that "it is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it," and the cases of *Lauson v. Town of Fond du Lac,* 141 Wis. 57; *Fisher v. O'Brien,* 99 Kan. 621; *West Const. Co. v. White,* 130 Tenn. 520, and others are cited. In reply to this contention counsel for plaintiff say that they will not discuss the authorities above cited for the reason that the question under consideration has been settled by decisions in this State, and the cases of *Calumet Electric St. Ry. Co. v. Lynholm,* 70 Ill. App. 371 and *Regan v. McCarthy,* 119 Ill. App. 578, are chiefly relied upon.

In the *Regan* case plaintiff, who was a motorman operating a street car, sought to recover damages on account of injuries received by him when the street car struck a heavy truck, which was being driven in front of the street car and in the same direction. The night was dark and there were no lights on the truck. The court said that the motorman was guilty of negligence as a matter of law because he ran his car at such a rate of speed that he could not stop it within the distance at which he could see obstructions ahead of him on the track. In the *Lynholm* case, *supra,* there is *obiter dictum* to the same effect. Whether we agree with the holding of the *Regan* case, *supra,* it is not necessary for us here to say because the rule there announced was applied to street cars when operated through busy streets of a city, while in the instant case the vehicles which came into collision were automobiles and were being operated on a country road.

In the Wisconsin, Kansas and Tennessee cases above cited it has been held that one who drives an automobile on a dark, rainy night at such speed that it cannot be stopped within the distance that the driver can plainly see objects or obstructions, is guilty of negligence as a matter of law. The leading case on this subject is the *Lauson* case, *supra,* decided by the Supreme Court of Wisconsin, which has been followed by the courts of a number of other States. On the other hand, other courts have expressly refused to follow that case, among which authorities are *Kendall v. City of Des Moines,* 183 Iowa 866; *Owens v. Iowa County,* 186 Iowa 408; *Burgesser v. Bullock's,* 190 Cal. 673, 214 Pac. 649; *Jacobs v. Jacobs,* 141 La. 272, 74 So. 992; *Fleming v. Hartrick,* 100 W. Va. 714, 131 S. E. 558 and *Haynes v. Doxie,* 52 Cal. App. 133, 198 Pac. 39, where it is held that the question whether one was guilty of contributory negligence in driving his automobile at such a rate of speed that it could not be stopped within the distance at which objects were discernible, was

a question of fact to be determined upon a consideration of all the surrounding circumstances.

In considering the question, the Supreme Court of Iowa in the *Kendall* case, *supra*, held that whether the driver of an automobile who failed to have it under such control that he could stop it within the distance that he could plainly see ahead of him, was a question of fact and not a question of law. The court there expressly referred to the *Lawson* case, *supra*, and refused to follow it. And in passing on this question the Supreme Court of Connecticut, where the facts were somewhat similar to the facts in the instant case, held that whether the driver of the automobile was guilty of negligence was a question of fact to be determined from the evidence. *Baldwin v. City of Norwalk*, 96 Conn. 1; *Rice v. Foley*, 98 Conn. 372. So in the case at bar we are of the opinion that whether the driver of plaintiff's automobile was guilty of negligence which contributed to the collision was a question of fact and not one of law, and, therefore, the peremptory instruction requested by defendant was properly refused. Of course there may be situations where it may be negligence as a matter of law for one to drive an automobile along a public highway in the nighttime at such speed that it cannot be stopped within the distance that objects can be seen ahead of it. The test in such cases is, would all reasonable minds reach the conclusion that the conduct of the driver of the automobile was violative of rational standards of conduct applicable to persons in similar situations? *Kelly v. Chicago City R. Co.*, 283 Ill. 640; *Bale v. Chicago Junction R. Co.*, 259 Ill. 476; *Louthan v. Chicago City Ry. Co.*, 198 Ill. App. 329; *Rehthaler v. Crane Co.*, 218 Ill. App. 267.

In the instant case we think it cannot reasonably be said that the driver of plaintiff's automobile was guilty of negligence as a matter of law. The night was dark and misty. The plaintiff was driving along a country

road where standing vehicles were not to be expected. There is evidence to the effect that there was no rear light on the truck; that the color of the truck and its load blended with the coloring of the surface of the road. These, and many other circumstances which might be alluded to, show that all reasonable minds would not reach the conclusion that the driver of plaintiff's automobile was acting as no rational person would act under like circumstances, and, therefore, the question to be determined was one of fact and not law. It is not argued that the finding of the jury in favor of plaintiff on this question is against the manifest weight of the evidence.

The defendant next contends that the court erred in overruling objections to questions put to one of plaintiff's witnesses who was being interrogated concerning the extent of the repairs required to be made on plaintiff's automobile as a result of the collision. This witness was asked concerning the number of hours of labor employed in making the repairs on the automobile and the prices paid for certain parts of the automobile that were replaced, all of which were rendered necessary as a result of the collision, and he was testifying from a memorandum which showed the number of hours and the parts used, but which memorandum had not been prepared by himself. We think the ruling of the trial judge was substantially correct, but in any event, the defendant cannot complain, because we have repeatedly held that where an automobile has been damaged and the machine is taken for repairs to one who is engaged in the business of repairing automobiles and the repairs that are made were those required as a result of the accident, and the repairman's bill has been presented to the owner of the damaged automobile and paid and there is nothing in the evidence to cast suspicion upon the transaction, the amount paid is prima facie reasonable. *Cloyes v. Plaatje*, 231 Ill. App. 183. See also *Whole-*

*sale Grocery Corporation v. Richheimer Brokerage Co.*, 233 Ill. App. 64; *Darling & Co. v. Yellow Cab Co.*, 238 Ill. App. 326; *Gold v. Rousso*, 238 Ill. App. 427; *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344; *Roth v. Fleck*, p. 396, *infra; Sunbeam Beverage Co. v. Cunningham*, p. 401, *infra*. This holding was apparently not agreed to by another division of this court. *Probasco v. Crane Co.*, 238 Ill. App. 287. But we think the holding in the *Cloyes* case is supported by the authorities above cited which includes the *Gold, Roth* and *Cunningham* cases, *supra*, decided by the First Division of this court. Moreover the Supreme Court of this State in the late case of *Wicks v. Cuneo-Henneberry Co., supra*, held that the payment of a physician's bill is prima facie evidence that the bill was reasonable. This case goes much further than the *Cloyes* case. In that case we only held that in ordinary business transactions the amount charged for repairs and which had been paid was prima facie evidence that the amount was reasonable, while the Supreme Court in the *Wicks* case applies the same rule to a physician's bill which is for professional services. In the instant case the evidence shows that the automobile was repaired; that the repairs were rendered necessary on account of the collision and that a concern engaged in the repair of automobiles presented its bill which was paid. There being nothing to cast suspicion upon the transaction, this evidence was sufficient prima facie to show that the amount charged was reasonable and there is no other evidence in the record.

The defendant further contends that the court erred in refusing to give an instruction requested by it, by which it was sought to have the jury told that by a statute of this State [Cahill's St. ch. 95a, ¶ 17] an automobile when upon a public highway between one hour after sunset and one hour before sunrise should carry headlights "visible at least two hundred (200)

feet in the direction toward which each motor bicycle or motor vehicle is proceeding'' and the instruction was further to the effect that if the jury found from the evidence under the instructions of the court that plaintiff's automobile did not have such lighted lamps and that plaintiff's failure to observe the statute in that respect contributed to the collision, then their verdict should be for the defendant. We think this instruction was properly refused because it was a dark, misty night and of course the headlights were not such as to be visible 200 feet in front of the automobile. The statute we think should not be so construed as to require that lights be visible on a foggy, dark night, 200 feet in front of the machine.

None of the contentions made by the defendant can be sustained and therefore the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.