[Civ. No. 7390. First Appellate District, Division One.—April 20, 1931.]

JAMES J. BEATTY, Appellant, v. ALBERT McGUIRK et al., Defendants; EDWARD M. WIEGMANN et al., Respondents.

Hubbard & Hubbard for Appellant.

Cooley, Crowley & Gallagher, Cooley & Crowley and Cooley, Crowley & Supple for Respondents.

BURROUGHS, J., *pro tem.*—This is an action for personal injuries. A decision was heretofore rendered in this cause modifying the judgment as to the defendants Wiegmann and the Lewald Coal Company, a corporation. Upon their petition a rehearing was granted. After further consideration, we are satisfied that the judgment should be affirmed as entered.

The court found that O'Farrell and Larkin Streets in San Francisco are public thoroughfares and intersect at right angles; that O'Farrell Streets runs easterly and westerly and Larkin Street runs northerly and southerly; that each of said streets from curb to curb at said intersection are forty-four feet and nine inches wide; that a one-way street-car line runs along O'Farrell Street through said intersection; that running through said intersection on Larkin Street is a two-way street-car line; that the distance from the northerly rail of said O'Farrell Street track to the northerly curb of O'Farrell Street is nineteen feet and eight inches; that at the time of the accident plaintiff was walking in a southerly direction on the sidewalk on the easterly side of Larkin Street, toward the intersection of Larkin and O'Farrell Streets; that about the time plaintiff arrived at the northeasterly corner of Larkin and O'Farrell

Streets, and before he had stepped from the sidewalk, defendant McGuirk drove a Dodge automobile in an easterly direction along O'Farrell Street, through the intersection above referred to; that at said time and place McGuirk drove said automobile at an excessive, dangerous and unlawful rate of speed, to wit: at a speed of approximately thirty miles an hour; that a very short time after McGuirk entered the intersection Wiegmann driving a certain Ford automobile in a northerly direction along Larkin Street entered said intersection at a careless, dangerous and unlawful rate of speed, to wit: at a speed of approximately twenty-five miles an hour; that defendant Wiegmann did not see the automobile driven by defendant McGuirk until after both of said automobiles had entered said intersection and until a passenger in said Wiegmann's car warned him; that for the purpose of avoiding a collision between said automobiles defendant McGuirk swerved to his left from about the center of said intersection over to the northeasterly corner of said intersection and partly on to the sidewalk; that the left front wheel of said automobile struck plaintiff's right foot, inflicting injuries upon the person of plaintiff; that when defendant Wiegmann saw the automobile of defendant McGuirk as aforesaid, Wiegmann swerved his automobile in said intersection to the right. This was done for the purpose of avoiding a collision with defendant McGuirk's automobile; that for a short distance both of said automobiles ran in parallel courses in a northeasterly direction, with their running-boards not more than twelve inches apart. In swerving to the right defendant Wiegmann drove his Ford automobile in such a manner that the left front wheel of his said car crossed and ran to the north of the northernmost rail of the street-car track on O'Farrell Street. Defendant Wiegmann succeeded in turning to his right and going easterly on O'Farrell Street without bringing his automobile into collision with that of the defendant McGuirk, or with the plaintiff's body; that there was sufficient space between the left side of said Wiegmann's automobile and the northerly curb line of O'Farrell Street for defendant McGuirk to have driven on down O'Farrell Street in an easterly direction and on the wrong side of O'Farrell Street, without running upon the sidewalk and injuring plaintiff as aforesaid; that said accident happened very

suddenly; that the space between the left side of said Ford and the northerly curb of O'Farrell Street was not more than a few feet, that is, five or six feet, wider than the width of McGuirk's automobile; that each automobile is approximately five feet wide. The court further found that Wiegmann was employed by the Lewald Coal Company, a corporation, and at the time of the accident was acting within the scope of his employment; that plaintiff's damage by reason of said accident is the sum of $2,336; that at the time of the accident Wiegmann intended to proceed directly across O'Farrell Street in a northerly direction and defendant McGuirk intended to proceed directly across Larkin Street in an easterly direction; that each of the defendants changed the course of his automobile solely for the purpose of avoiding a collision with each other; that the plaintiff exercised reasonable care for his own safety and was not guilty of contributory negligence; from the said findings the court concluded that the defendant McGuirk was guilty of negligence in driving his automobile at an excessive, dangerous and unlawful rate of speed; that defendant McGuirk had the right of way through the intersection of O'Farrell Street because of the fact that he entered the intersection before defendant Wiegmann; that because of the employment of Wiegmann by the Lewald Coal Company and because Wiegmann was in the performance of his duty his negligence was imputable to the said Coal Company; that the proximate cause of the injuries to plaintiff was the negligence of defendant Albert McGuirk as set forth in the findings; that the negligence of the other defendants did not contribute as a proximate cause of the plaintiff's injuries because defendant McGuirk could have driven between the Ford automobile operated by Wiegmann and the northerly curb of O'Farrell Street without running upon the sidewalk and without injuring plaintiff. The court then ordered judgment for plaintiff and against McGuirk in the sum of $2,336 and denied relief against the other defendants and gave the latter judgments for their costs. The plaintiff appeals from the judgment rendered in favor of the defendants Edward M. Wiegmann and the Lewald Coal Company, a corporation.

Appellant contends that under the findings of fact the court should have concluded that all three of the defend-

ants should have been held responsible as the proximate cause of plaintiff's injuries. ■ "Proximate cause has been variously defined, but the definition thereof which appears to meet with general approval is that it is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred." (*Wurl* v. *Watson,* 67 Cal. App. 625, 627 [228 Pac. 43, 44].) Proximate cause is also a question of fact to be determined by the court or jury. (*Squier* v. *Davis Standard Bread Co.,* 181 Cal. 533 [185 Pac. 391]; *Griffith* v. *Oak Ridge Oil Co.,* 190 Cal. 389 [212 Pac. 913].) It is also well settled that if there is any substantial evidence in the record to support the findings of the trial court, appellate courts are bound thereby. (*Frederick* v. *Terminal Rys.,* 48 Cal. App. 336 [191 Pac. 1020], and cases there cited.) ■ The trial court found that it was the sole negligence of the defendant McGuirk that was the proximate cause of the plaintiff's injuries; that Wiegmann's negligence was not a proximate cause thereof. The evidence is uncontradicted that the car driven by Wiegmann did not come in contact with McGuirk's car, nor with the plaintiff's body. There is also evidence that between the automobile being driven by Wiegmann and the northerly curb of O'Farrell Street there was room for McGuirk to have driven his car without running upon the sidewalk. This evidence sustains the findings of the court that the negligence of the defendant McGuirk was the sole proximate cause of plaintiff's injury. In the light of the decision last above cited, to disturb this finding of the court would require us to weigh the evidence, which we are not permitted to do. Counsel for appellant cites many cases dealing with the concurrent negligence of two or more persons, but the rule in such cases is not applicable where, as here, the court in effect found, upon sufficient evidence, that there was no concurrent negligence which was the proximate cause of the injuries complained of. Under such circumstances the judgment of the trial court must be affirmed and it is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1931.