[Civ. No. 8000. Second Appellate District, Division Two.—October 16, 1933.]

ANNIE E. TAYLOR et al., Respondents, v. F. WILLIAMS, Appellant.

Paul Nourse, Harold Jones and Forrest A. Betts for Appellant.

Nadia Williams and E. B. Drake for Respondents.

CRAIG, Acting P. J.—In consequence of a conceded collision of automobiles of the parties, a jury returned its verdict in favor of the plaintiffs and against the defendant for damages alleged to have been sustained by the former from resultant injuries. The defendant appealed from the judgment entered accordingly.

The sole question in controversy before the jury, which was further argued upon a motion for a new trial, and is strenuously contested upon appeal, consists of the existence or nonexistence of an intervening cause of the collision. From the testimony of eye-witnesses it appeared that while the plaintiffs were proceeding southerly upon a congested thoroughfare, the defendant rapidly appeared from the same direction, suddenly turned, and negligently drove so as to collide with the plaintiffs' car. A witness designated by the defendant as the only disinterested person testifying, averred that as he was following the defendant's machine a dark sedan swung around the latter which it "clipped", causing the same to turn and strike that of the plaintiffs. Two other witnesses swore positively that they observed the car of the defendant approach and immediately crash into the automobile occupied by the plaintiffs. Witnesses for the respective parties whose testimony conflicted with previous statements shown to them while on the stand, and physical facts which the defendant construes adversely to the verdict and judgment, are the basis of his conclusion that "defendant's story is more within the realms of probability". How-

ever, we are compelled to resolve all intendments in favor of the conclusions of the jury and of the trial court, which foreclose a contrary finding of fact in the face of positive evidence. Since its sufficiency is admittedly ample, an appellate tribunal is not concerned with its possible conflicts. (*Beatty* v. *McGuirk,* 113 Cal. App. 530 [298 Pac. 510].)

Upon the motion for a new trial, affidavits were filed by each side, principally upon the question as to whether or not sufficient diligence was shown as to previous efforts to locate a witness capable of furnishing newly discovered evidence. It is contended that four days preceding the date of trial defendant learned that this witness saw the accident, but that not until after the trial did the defendant discover that she had removed from a former residence and resumed her maiden name. Reversal is sought upon the authority of *Spear* v. *United Railroads,* 16 Cal. App. 637 [117 Pac. 956], wherein the motorman of a street-car, which had collided with an express wagon, was not discovered until after the trial had concluded. In contrast with the case last cited, the trial court in the instant one may well have concluded that the new witness was not of such vital importance that her evidence "although cumulative, is nevertheless of so overwhelming a character as to render a different result probable, not so much because of the testimony itself, but because it would be the testimony of the actor, and therefore of infinitely greater probative value". According to the affidavit of the witness proposed by the appellant, she was riding with parties who testified, and she swore that she also saw a third car approach, hit that in which she sat, after which it struck the machine driven by the respondents and disappeared. The importance of such testimony is said to arise from the fact that the affiant was the only person who saw the third car after the accident, but it is not contended that she saw or knew more of the cause of the collision than those who had appeared and testified. "The decision of the appeal is controlled by the well-established rules that the courts look with distrust and disfavor upon motions for new trials based on the ground of newly discovered evidence, that such motions should not be granted by trial courts unless the new evidence is such as to make it reasonably probable that it would change the result upon another trial, that the moving party must state in his affi-

davits facts which show that he exercised reasonable diligence from the beginning in endeavoring to discover the evidence before the first trial, that the decision of these questions rests within the sound discretion of the trial court and that its decision will not be reversed on appeal unless an abuse of that discretion clearly appears." (*Estate of Emerson,* 170 Cal. 81 [148 Pac. 523].) As to the degree of reasonable diligence in such cases, we need but cite *Bennington* v. *National Packing Co.,* 122 Cal. App. 313 [9 Pac. (2d) 857]. It does not seem to have been made to appear that there was an exercise of judicial discretion in contravention of the foregoing rules.

The judgment is affirmed.

Stephens, J., and Archbald, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 14, 1933.