## OVERPECK *et al* v. CITY OF RAPID CITY.

1.  Where a city was liable for injuries to a horse by falling into an open ditch in the highway, the measure of damages was the difference in value of the horse before the injury and after he was cured, and, in addition thereto, tne cost of care and medicine in restoring the horse.
2.  Where a buggy is injured by defects in a highway for which a city is liable in an action to recover tnerefor, plaintiff can prove the costs of repairs, the amount to be recovered being only the actual cost value of such necessary repairs.
3.  Whether excavations in a street were properly made and properly guarded so as to render a city not liable for injuries caused thereby, was for the jury.
4.  The question of contributory negligence of a driver, where horse and buggy were injured by defect in a highway, is for the jury.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Pennington County. HON. LEVI MC-GEE, Judge.

Action by Areli L. Overpeck and Alemath E. Overpeck against the city of Rapid City. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Chauncey L. Wood* and *Charles J. Buell,* for appellant.

*Iomes W. Fowler,* for respondents.

CORSON, J. This is an action to recover damages for injuries claimed to have been caused to a horse, buggy and harness driven by a servant of the plaintiffs, by the horse and buggy falling into an open gas trench in one of the public streets of the defendant city. The cause was tried by a jury. Verdict and judgment for the plaintiffs, and the defendant appeals.

The plaintiffs, in their complaint, after alleging the negligent acts of the defendant, claimed as damages the money paid to a ser-

vant who took care of said horse so injured for the period of 2½ months, and for medicines and expenses in doctoring said horse, and for the repair of the buggy and harness. It was further claimed that the horse so injured was a valuable blooded, trotting horse, and that the same, as a result of said injury, was badly marked, scarred and blemished, and that the damage to said horse on account thereof was a sum therein specified. The defendant denied that it was guilty of negligence, and alleged that the servant of the plaintiffs was guilty of contributory negligence resulting in the injuries to said horse, buggy and harness. On the trial the plaintiffs were permitted to give evidence of the value of the horse both before and after the injury, the expenses they were to in keeping the said horse, and the amount paid for medicines purchased and used for the horse. It is contended on the part of the appellant that the court erred in the admission of this evidence, for the reason that the damage thus proved constituted a double measure of damages; full damage for the injury to the horse being proven, and, in addition thereto, the cost of care and medicine in restoring the horse. It is further contended that the court erred in allowing plaintiffs to prove, over the objection of the appellant, what the repairs upon the buggy cost, instead of the difference in value before the injury and immediately thereafter. The appellant further contends that the true measure of damages in such a case is the difference in the value of the chattel immediately before and after the injury. But we are of the opinion that the court committed no error in admitting this evidence. The plaintiffs were entitled to recover such an amount as would compensate them for all loss which directly resulted from the wrong done them. Fay v. Parker, 53 N. H. 342; Hovey v. Grant, 52 N. H. 569. In the case before us it is very evident that the difference in value of the horse before and after the injury would not constitute the true meas-

ure of damage. If the horse was injured only to such an extent that it might be cured, and the expense of curing it would be less than its value when cured, it was the duty of the plaintiffs to use reasonable efforts in so curing it, and such expense would be a part of the damage sustained by the plaintiffs by reason of the injury, and it may be —as assumed to be the fact in this case under the evidence— that the horse after being cured, was still, by reason of the scars, marks and blemishes of much less value than it was before the injury was inflicted. The difference, therefore, in the value of the horse before the injury and after it was cured was only a part of the damage sustained by the plaintiffs, and for which they were entitled to recover. No other rule would fairly compensate the plaintiffs for their loss. In Railroad Co. v. Lewark, 4 Ind. 471, the supreme court of Indiana held in a case where plaintiff's wagon was injured by the railroad company that the plaintiff was not only entitled to recover for the damage done the wagon but also for the value of the use of the wagon while it was being repaired. In Transportation Co. v. Vanderbilt, 16 Conn. 420, it was held by the supreme court of Connecticut that, where injuries were done to plaintiff's steamboat by the defendant's steamboat, the plaintiff was entitled to recover as damages a reasonable sum for the injuries which the boat had sustained and a reasonable sum for its detention while it was being repaired. In the case of Williamson v. Barrett, 13 How. 101, 14 L. Ed. 68, it was held by the Supreme Court of the United States that the plaintiff was entitled to recover for the damages caused by a collision resulting in the sinking of the plaintiff's boat, and that the proper measure of damages was a sum sufficient to raise the sunken boat, repair it, and compensate the owner for the loss of its use during the time it was being repaired. In the recent case of Seavey v. Dennett, 69 N. H. 479, 45 Atl. 247, the supreme court of New Hampshire held that

the proper measure of damages for negligently poisoning a horse was the expense of caring for the horse while sick, together with what it would cost to replace it with another equally as serviceable. Certainly, if the plaintiff would be entitled to recover the expense of the care of the horse in a case where the horse died, he would be equally entitled to recover in a case where the horse lived, and was cured. The principle established by this class of cases is one of indemnity to the party injured to compensate him for his loss which is the immediate result of the wrongful act. It is undoubtedly the duty of one who has been injured to exercise reasonable diligence to render the damages caused thereby as light as possible, and hence it was the duty of the plaintiffs, under the facts disclosed by the record in this case, to take the proper means for curing the horse; and, such being the case, they must necessarily have the right to recover for the expense of so curing the animal, in addition to the difference in value of the horse before and after it was injured. The appellant cites as authority for its contention the case of Railroad Co. v. Metcalf, 44 Neb. 847, 63 N. W. 51, 28 L. R. A. 824. In that case the court laid down the rule that the measure of damage under the evidence in that case was the difference between the value immediately before and after the injury. But the facts in that case were essentially different from the facts in the case at bar. In that case one of the plaintiff's span of mules was killed by the railroad company, and his wagon and harness injured. The plaintiff refused to take away the living mule and the wagon and harness, and the trial court assumed that the plaintiff might recover for the entire value of the mule not injured, and for his wagon and harness so damaged. The supreme court held that the charge of the lower court in thus, in effect, holding the railroad company liable for the uninjured animal and the entire value of the wagon and harness, was erroneous.

We are also of the opinion that there was no error in allowing the plaintiffs to prove the cost of repairs upon the buggy. Of course the amount so recovered should only be the actual cost value of the necessary repairs. Possibly, in the case of the buggy and harness, the rule suggested by the appellants might be applicable, and might be the better rule, although there would not, ordinarily, be any material difference between the value of the buggy before and after it was injured, and the actual cost of the repairs upon the same required to restore it to its former condition. Presumptively, at least, the difference in its value before and after it was injured would be the amount that it would cost to repair it, and restore it to its former condition. Assuming the rule, therefore, as claimed by the appellant, to be the better rule, as applied to the buggy and harness, yet the adoption by the court below of the other rule would not, in our opinion, constitute reversible error. Schuler v. Board, 12 S. D. 460, 81 N. W. 890.

It is further contended on the part of the appellant that the servant driving the team of the plaintiffs was guilty of contributory negligence, and therefore the plaintiffs were not entitled to recover in this action, and the motion of the defendant for the direction of a verdict in its favor should have been granted. But ordinarily the question of contributory negligence is a question for the jury, and we must, therefore, presume in favor of the judgment, that the court's instructions upon this subject were proper, and that the jury has correctly found that the plaintiffs' servant was not guilty of contributory negligence. The same may be said as to the negligence of the city. Whether or not the excavations for the gas pipe were rightfully and properly made and properly guarded was a question entirely for the jury under the instructions of the court and the same presumption must be made by this court in favor of the judgment as was made upon the question of contributory negligence.

It is further contended by the appellant that the court erred in admitting certain evidence over the objections of the appellant, and in refusing to strike out certain evidence upon the motion of the appellant, but, after a careful examination of these assignments of error, we have arrived at the conclusion that, assuming that the court may have erred in one or two particulars in which error was assigned, the questions and answers were not sufficiently material to entitle the defendant to a reversal of the judgment. The judgment of the court below is affirmed.