THOMAS A. HUGHES, PLAINTIFF, v. MARK P. WELLS, DEFENDANT.

Submitted March 23, 1911—Decided June 9, 1911.

Where the District Court refused to strike out testimony of the cost paid for repairing a carriage damaged by the defendant's negligence on the ground that the cost of restoring the carriage to its former condition was not the proper measure of damage, but that the 'proper measure was the difference in value before and after the accident—*Held,* that granting that the rule contended for may be the correct one, yet the testimony asked to be excluded was competent as a guide in determining such difference, and that the harmful action, if any, did not lie in the retention of the testimony, but in its being made the measure of the damage, and the latter point was not raised by the motion to strike out.

On appeal from the Second District Court of Jersey City.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Hartshorne, Insley & Leake.*

For the appellee, *McDermott & Fisk.*

The opinion of the court was delivered by

VOORHEES, J. The action was brought to recover damages for negligence in running an automobile which collided with the plaintiff's carriage and injured it.

The case was tried by the court without a jury, and negligence being found, a verdict was rendered for the plaintiff.

The only question raised by the appeal concerns the damages. The state of the case discloses that the brougham was struck near the hind wheels, "which were forced from under the carriage and thrown up on the southerly sidewalk, the body of the carriage dropping on to the street. The axle and springs were broken, the door panels and roof panels split, and the paint scraped and scratched, the door and steps broken."

Testimony was received, against objection, from the carriage maker who repaired the carriage, that he had put the carriage in good order, repainting the entire body and running gear, and replacing broken and defective parts, at a cost to the plaintiff of $227. This witness conceded that the work might have been done for less money by other mechanics; but not if a good job were done. His testimony was that "the charge was fair and reasonable, and has been paid by the plaintiff."

At the conclusion of the testimony of this witness, the defendant moved to strike it out upon the ground that the cost of restoring the carriage to its former condition was not the proper measure of damage; but that the correct measure of damage was the difference between the value of the brougham before and after the accident. This motion was denied, of which action the defendant complains.

The court gave judgment for the plaintiff for $227, the amount of the above bill as necessarily and properly paid out for restoring the brougham to the condition it was before the accident.

It must be conceded that the measure of damages should be compensation, as nearly as that may be ascertained.

It also must be conceded that the question of excessive damage cannot be inquired into on appeal from the District Court. It is, however, contended in the present case, that such inquiry may be made, because the court refused to strike out the testimony, and thus the court administered an erroneous rule of law, by holding that the measure of damage was restoration, and discarded the proper rule, viz., the difference of value of the article before and after the injury.

Conceding the correctness of the rule insisted upon, was not the testimony admissible as tending to show the difference in value? We think that it is clearly admissible as a guide in determining this difference, just as the cost of property is some evidence of its value. *Luse* v. *Jones,* 10 *Vroom* 707.

Moreover, granting that the reasonable cost of restoration

may be an improper measure, and that it is so (to use the illustration of counsel), when there is proof that such cost is in excess of the value of the article before it was damaged, or even when it exceeds the difference between the value of the article before and after the injury, yet the difficulty is that the judicial action requested, fails to raise the question of the true rule of the measure of damages which the court is now asked to lay down.

The testimony asked to be excluded was competent for the purpose of comparison with other testimony which might have been offered.

The harmful action, if any, did not lie in the retention of the testimony, but in its being made the measure of the damage, and the latter is not raised by the motion to strike out.

The judgment is affirmed, with costs.