[No. 16746. Department One. April 21, 1922.]

FRANK H. MADDEN, *Respondent*, v. THE NIPPON AUTO COMPANY *et al., Appellants*.[1]

EVIDENCE (216, 217) — OPINION EVIDENCE — CROSS-EXAMINATION— VALUE OF PROPERTY. An opposing party is entitled, on cross-examination, to inquire into the factors taken into consideration by the witness in arriving at his estimate of the value of an automobile, injured in an accident, especially where the witness stated two elements taken into consideration in arriving at his estimate as the cost of repairs and general depreciation in value.

SAME (48)—COMPETENCY—VALUE OF PROPERTY—COSTS OF REPAIRS. In an action for damages to an automobile, it is error to exclude evidence of the cost of repairs and the purchase price obtained in a sale after the repairs, since they are elements tending to show its value after the damage.

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 15, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages to an automobile sustained in a collision. Reversed.

*Van Dyke & Thomas,* for appellants.

*Roberts & Skeel* and *N. A. Pearson,* for respondent.

FULLERTON, J.—The automobile of the appellant and the automobile of the respondent, while being driven on a public street in the city of Tacoma, collided, in-

[1]Reported in 206 Pac. 569.

juring both automobiles. The respondent, charging the fault to the appellant's driver, brought this action to recover in damages. The jury returned a verdict in his favor in the sum of fifteen hundred dollars, and from the judgment entered on the verdict, this appeal is prosecuted.

The first assignment of error discussed in the appellant's brief is that the court too narrowly restricted the cross-examination of the respondent's witness who testified on the question of damages. The respondent called a Mr. Folts, who testified that he had been for a number of years the director of sales in an automobile concern, dealing in automobiles of the make and style of the respondent's automobile, and that he had seen the automobile both before and after the accident and knew its values at these respective times. He further testified that, immediately prior to the accident, the value of the automobile was between forty-five hundred and forty-eight hundred dollars, and that, immediately after the accident, its value was between twenty-five hundred and twenty-seven hundred and fifty dollars. On cross-examination he was asked what elements he took into consideration in making up his estimate of the value of the car after the accident. He answered that the principal elements were the cost of repairing the automobile, and its reduced sale value after the repairs were made; explaining the latter element by saying that an automobile which has been injured in an accident and repaired has not the same value in the eyes of an intending purchaser as one not so injured, even though there may be no visible marks of the injury on the automobile. He was then asked what allowance he made in his estimate for the cost of repair of the automobile, and what allowance he made for the more general depreciation in value. To these questions, objections were interposed and sustained.

In sustaining the objections, it is our opinion the court erred. The testimony of the witness as to the value of the automobile after the injury was at best only an estimate. The opposing party was clearly entitled to inquire into the factors he took into consideration in making the estimate, and, since he gave more than one, we think it equally clear that it was entitled to inquire into the estimate he put upon each separate factor. Let it be supposed, for illustration, that the witness had testified that he estimated the cost of repair at a certain sum and the loss in sale value at another certain sum, and that the appellant had been able to show that the actual cost of repair was less, or that the sale value was greater, than the estimated sums, would any one say that the value of the testimony of the witness had not been lessened in the minds of the triers of the fact? We think not. To lay a foundation for contradictory testimony is a legitimate purpose of cross-examination. We are not unaware, of course, that cross-examination into matters of this sort can be abused—that the cross-examination can be carried to such an extent as to become harassing rather than enlightening—but here there is no question of this sort. The objection was not sustained on the ground that counsel was abusing his privileges, but on the ground that the matter was not a legitimate subject of inquiry.

In support of its own case on the question of the amount of the damages suffered by the automobile, the appellant offered to show the actual cost of repairing it, its subsequent sale, and the price received for it at such sale. Objection was interposed and sustained to the testimony, and this ruling furnishes the foundation for the appellant's second assignment of error. If we are correctly advised the court based its ruling upon the case of *Alexander v. Barnes Amusement Co.,*

105 Wash. 346, 177 Pac. 786, in which we held that the measure of damages for injuries to personal property, where the property was only partially destroyed, was the difference between the market value of the property immediately before and immediately after the injury; the trial court construing the case to mean that the only testimony competent to prove such values was the opinions of witnesses having expert knowledge in such matters. But if this be the ground of the holding, the trial court has misconstrued our meaning. We did not there deny, nor intend to deny, the right of either party to resort to any legitimate evidence to show the relative values. In the case of an automobile, many injuries are of such a nature that they can be made whole by repairs. The value of the automobile after the injury would in such an instance necessarily be the value of the automobile before the injury, less the cost of the repairs, plus the value of the use of the automobile during the time it takes to make the repairs, and in such a case no other showing need be made to prove the damages. In more serious injuries other elements enter into the question when the cost of repair and loss of use will not measure the total amount of the loss; such, for example, the element which the witness before mentioned cited, the loss of sale value arising from the mere fact of the injury. But when the cost of repair is one element of damage, clearly it can be shown when known. So, also, when sale value is one of the elements, the price received on the sale of the article is evidence of its sale value; not conclusive, it is true, but an element to be considered in ascertaining the sale value. See *Abrahamson v. Cummings,* 65 Wash. 35, 117 Pac. 709; *Carnego v. Crescent Coal Co.,* 164 Iowa 552, 146 N. W. 38, Ann. Cas. 1916D 794, and note to the case where reported in Ann. Cas. 1916D 794. So here, as evidence tending to show the value of this auto-

mobile after its injury, it was competent to show the costs of its repair and the price for which it was sold after the repairs, and it was error to exclude the testimony.

The court, among other instructions, gave the following:

"The court instructs the jury that if you find that on or about the 21st day of February, 1920, the plaintiff's automobile was damaged by the automobile of defendant while operated by its agent, and that such injury resulted directly from the want of ordinary care and prudence of the agent of the defendant, and not from want of ordinary care and prudence on the part of the plaintiff, directly contributing to the injury, then the plaintiff is entitled to recover."

The proof showed that the respondent's (plaintiff's) automobile was at the time of the accident being driven by his employee and not by the respondent himself. It is objected to the instruction that it is misleading, and subject to misconstruction by the jury. The instruction is faulty in that it did not note the distinction indicated, but we shall not inquire whether the fault is of such a nature as to require a new trial. Since a new trial must follow because of the errors already noticed, it is mentioned lest otherwise it be deemed approved, and given in the same form on the new trial.

The judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., BRIDGES, and TOLMAN, JJ., concur.

MITCHELL, J., concurs in the result.