[No. 17070.  Department Two.  June 26, 1922.]

HAROLD KNUDSON, *Respondent,* v. JACOB BOCKWINKLE *et al., Appellants,* BOTHELL BUS COMPANY, *Defendant.*[1]

HIGHWAYS (52, 53)—NEGLIGENT USE—AUTOMOBILE COLLISION—PROXIMATE CAUSE—CONCURRING NEGLIGENCE. The driver of a heavy motor car, on a wet pavement on a dark and stormy night, is guilty of negligence, in following, at 20 or 25 miles an hour, forty or fifty feet behind an auto bus which he knew was liable to stop at any time to discharge passengers, and is liable for a collision with an approaching car when he turned out to pass the car in front, notwithstanding its driver did not signal that he was about to stop.

TORTS (4)—JOINT TORT FEASORS—SEPARATE LIABILITY. In an action against the owners of two auto busses, sued as joint tort feasors, the one liable cannot complain because, at the end of the testimony, the court dismissed the case as to the other because of insufficient evidence.

DAMAGES (62)—MEASURE OF DAMAGES—INJURY TO PERSONAL PROPERTY—EVIDENCE. In an action for damages to an automobile, a recovery for $1,000 is sustained where the repair bill was $753.38 and $250 was the minimum testified to by experts as the depreciation in value by reason of the accident, after the repairs were made.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 7, 1921, upon findings in favor of the plaintiff, in an action for damages to an automobile sustained through a collision, tried to the court. Affirmed.

[1]Reported in 208 Pac. 59.

*Morris B. Sachs (W. U. Park,* of counsel), for appellants.

*Wright, Kelleher, Allen & Hilen,* for respondent.

Holcomb, J.—Upon the conclusion of the evidence in the trial of this case, the trial judge dismissed the action as to the Bothell Bus Company, a corporation, and made findings and conclusions establishing the negligence of appellants and the freedom from negligence of respondent, rendering judgment accordingly.

Appellants assign a number of errors, among others, the dismissal of the Bothell Bus Company, the finding of the freedom from contributory negligence of the respondent, and the findings and conclusions holding appellants guilty of negligence.

Respondent was driving his automobile south towards Seattle on the night of the accident, and was proceeding at a rate estimated at from fifteen to eighteen miles an hour. There were four other persons in the car with respondent. The night was very dark and stormy. Just outside the limits of the town of Bothell, at a place where there was a curve about three hundred yards ahead, he noticed the lights of a car approaching him on the right side of the pavement. It later developed that this was a large stage or bus belonging to the Bothell Bus Company. When he got very near to this bus someone got out of it, and it was then noticed that the bus had stopped, and when respondent was just about opposite the bus a Cadillac stage, driven by appellant Jacob Bockwinkle, shot out from behind the Bothell bus and crashed into the car of respondent, causing the damage complained of. None of the occupants of the car driven by respondent saw the stage driven by appellant until it shot out from behind the Bothell bus. At almost the same instant it crashed into the car of respondent. Respond-

ent had slowed down his car on approaching near the Bothell bus, and was going at considerable less than fifteen or eighteen miles per hour. There was no inkling, nor, indeed, any intimation, that there was any negligence whatsoever on the part of the respondent, in the record.

It is also shown that appellant Bockwinkle overtook the Bothell bus at a place known as Swamp Creek, about one and one-half miles south of Bothell, and followed it to the place where the Bothell bus stopped, during all of which time he kept at a distance of forty or fifty feet to the rear of the Bothell bus, driving, as he said, at the rate of from twenty to twenty-five miles per hour. He also testified that the night was exceedingly rainy, windy and stormy; the pavement slippery; and that the Bothell bus suddenly stopped to permit passengers to alight, without getting entirely off the pavement, and when he applied his brakes his car skidded, and in order to avoid running into the bus with his own car, he turned suddenly to the left and attempted to cross the pavement and run into a small road which he said he knew of that branched off to the left. At this instant respondent's car was in the act of passing the Bothell bus in the opposite direction, and the collision therefore ensued. He also testified that he was in the habit, when about to stop, of putting his arm out horizontally and then dropping it immediately, and that he expected the driver of the Bothell bus to do the same thing when he wanted to stop, but that he gave no such signal.

The principal contention of appellants seems to be that the failure of the driver of the Bothell bus to give a signal or warning that he was about to stop was the proximate cause of the accident. There was no proof that there is any custom for the driver of a bus to extend his arm at night to signal his intention to stop.

The only testimony there was, and which was by Bock-winkle himself, was that it was his habit to do so. It is questionable if, on such a night, such signal could have been seen, especially by a driver close up to the rear of the bus.

But whether the driver of the Bothell bus was negligent in failing to give some signal or warning of his intention to stop would not relieve appellants in such a case as this. If there was negligence on the part of Bockwinkle, and none on the part of respondent, respondent has the right to recover from appellants regardless of whether there was another joint tort feasor or not. Under the record in this case, Bockwinkle, driving a heavy Cadillac stage on a slippery pavement, during a dark and stormy night, at a speed of from twenty to twenty-five miles an hour, and following at a distance of only forty or fifty feet in the rear of another car, which he said he knew was the Bothell bus, and therefore must have known would likely stop at any time for the purpose of discharging passengers, was negligent. We held in *Spencer v. Magrini,* 115 Wash. 29, 195 Pac. 1041, that a driver of a car was negligent in following too closely a car traveling ahead of it at night. In this case appellants' car was following too closely after the Bothell bus, which was a very large car, known to be such to appellants' driver, and the lights from appellants' car close behind it could not be seen by another approaching. He was also too close to get in the way of another car when attempting to pass from the opposite direction on a wet and slippery pavement, and could not stop his own car quickly enough, because, when the brakes were suddenly applied, his car skidded. All these occurrences were the result of his negligence in too closely following the large bus under the circumstances shown here.

Appellants have no right to complain because the Bothell Bus Company was dismissed, since they are liable for their own negligence and cannot complain because judgment was not likewise entered against others who may have been jointly liable. *Thoresen v. St. Paul & Tacoma Lumber Co.,* 73 Wash. 99, 131 Pac. 645, 132 Pac. 860.

It is also contended that the measure of damages was not properly proven. It is claimed that no evidence was introduced as to the market value of the automobile in question just before the injury and immediately thereafter.

The repair bill was admitted in evidence, although over the objection of appellants, and it was further testified by the person having charge of the place where the repairs were made, and who qualified as one having knowledge of the value of such cars as respondent owned, both as new and as used or second-hand cars, that the sale value of the car immediately after it was repaired after the accident was less by $250 or $300, in addition to the repair bill. The amount of the repair bill was $753.38. The judgment awarded by the court was $1,000. It is evident therefore that the court allowed the amount of the repair bill and approximately $250, the minimum amount testified to by the expert. We think the damages were properly proven. *Anderson v. McLaren,* 114 Wash. 33, 194 Pac. 828; *Rorabaugh v. Great Eastern Casualty Co.,* 117 Wash. 7, 200 Pac. 587; *Madden v. Nippon Auto Co.,* 119 Wash. 618, 206 Pac. 569.

Judgment affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.