Argued February 11, affirmed March 2, 1926.

## L. B. MURPHY *v.* J. M. S. HAWTHORNE.

(244 Pac. 79.)

**Automobiles—Parking Truck After Dark Without Displaying Red Light Negligence Per Se (§ 4774, Or. L.).**

1. Parking a truck so as to extend five feet on to edge of highway, after dark, without displaying red light required under Section 4774, Or. L., *held* negligence *per se.*

**Automobiles — Contributory Negligence in Driving Automobile Through Dust, Obscuring Unlighted Truck Parked Ahead, Held Question for Jury (§ 4774, Or. L.).**

2. Continuing to drive automobile at night through dust so thick that driver could not see truck parked on highway far enough ahead to avoid striking it *held* not contributory negligence *per se,* where truck was not displaying red light as provided by Section 4774, Or. L., but question was for jury as to what ordinarily prudent person would have done under such circumstances.

---

1. See 2 R. C. L. 1195.
2. Regulations as to automobile lights, see note in 11 A. L. R. 1226. See, also, 2 R. C. L. 1192.

Automobiles—Traveler Entitled to Assume Others Using Highway Would Observe Laws (§ 4774, Or. L.).

   **3.** In action for injuries to automobile when striking truck parked after dark along highway, without displaying red light, required by Section 4774, Or. L., instruction applying principle that one driving on highway has right to assume all others using it would observe laws *held* not objectionable.

Appeal and Error—Instruction on Measure of Damage as Based on Value of Repairs to Automobile, But Failing to Include Element of Depreciation, Held not Prejudicial to Defendant.

   **4.** In action for injuries to automobile, instruction on measure of damage, as being based on reasonable value of repairs to put automobile in substantially same condition it was prior to collision, failing to submit element of depreciation in value, *held* not prejudicial to defendant, in absence of any evidence to show that cost of repairs exceeded difference in value of automobile before and after accident.

Damages.

   **5.** Evidence of reasonable value of repairs to damaged automobile is admissible relative to value of automobile after it was injured.

---

   Appeal and Error, 4 **C. J.**, p. 920, n. 53, p. 1032, n. 36.
   Damages, 17 **C. J.**, p. 877, n. 8, 10, p. 1039, n. 95 New.
   Motor Vehicles, 28 **Cyc.**, p. 27, n. 23, p. 32, n. 61, p. 37, n. 19, 21, p. 48, n. 39, p. 49, n. 47, 49.

From Clatsop: J. S. EAKIN, Judge.

Department 2.

This is an action to recover damages sustained to plaintiff's automobile arising out of a collision with an autotruck parked on the highway after dark without a light. Defendant appeals from a judgment against him for $374.40.          AFFIRMED.

For appellant there was a brief over the name of *Messrs. Winter & Maguire,* with an oral argument by *Mr. Robert F. Maguire.*

---

   3.  See 2 **R. C. L.** 1185.

For respondent there was a brief over the name
of *Messrs. Norblad & Hesse,* with an oral argument
by *Mr. Frank C. Hesse.*

BELT, J.—About 6:30 o'clock in the evening, Oc-
tober 19, 1920, plaintiff was driving his Buick road-
ster on the lower Columbia River Highway toward
the City of Astoria. He says that he was travel-
ing about 25 miles per hour on the right side of the
road with spot-light and head-lights on full strength.
There was no oncoming traffic, but he was nearly
in the middle of a procession of 10 or 12 cars travel-
ing in the same direction and about the same rate of
speed. A large passenger autobus going toward As-
toria rapidly approached, sounded its horn, and
plaintiff turned over to the extreme right of the pave-
ment to let it pass. When this bus went by it "kicked
up" enough dust to "obstruct" plaintiff's vision,
but he drove on at about the same rate of speed.
Suddenly and unexpectedly there appeared within
plaintiff's range of vision a three-ton autotruck be-
longing to the defendant, which had been parked on
the right side of the highway without any light. The
left front and rear wheels of the truck were about
5½ feet from the right edge of and on the pave-
ment. Plaintiff testified that his automobile struck
the left rear hub cap of the truck and that this
caused him to swerve to the left and into a ditch,
although he did his best to avoid the collision. In
response to the question, on cross-examination, "How
far could you see in front of your car after that
dust was raised by the passing bus?" plaintiff an-
swered, "I wouldn't say whether 50 or 150 feet. I
don't know; I was paying attention to my driving."
When asked how far away he was when he first saw

117 Or.—21

the truck, plaintiff testified, ''I wouldn't say, because I don't recollect on account of the dust being in the air, whether 25 feet or 75 feet.''

1. Under the undisputed testimony, we think it was negligence *per se* for defendant to leave this auto-truck on the highway after dark without displaying a red light as provided by Section 4774, Or. L. It was more necessary, so far as the safety of the public is concerned, to have such light on the truck when thus parked on the highway than it would be if it were moving. It would be contrary to the purpose and spirit of the statute so to construe it as being applicable only to motor vehicles in motion: *Jacquith* v. *Worden,* 73 Wash. 349 (132 Pac. 33, 48 L. R. A. (N. S.) 827); Berry on Automobiles (4 ed.), §§ 188, 872; Babbitt on Motor Vehicles (3 ed.), § 563.

2. Appellant's principal contention, aside from the question as to the proper measure of damages, is that we should hold as a matter of law that plaintiff was guilty of contributory negligence in failing to stop his automobile within the range of his vision. While some courts have announced a hard-and-fixed rule that it is negligence to drive an automobile at such rate of speed that it cannot be stopped within the range of the driver's vision (*Lauson* v. *Fond de Lac,* 141 Wis. 57 (123 N. W. 629, 135 Am. St. Rep. 30, 25 L. R. A. (N. S.) 40); *West Construction Co.* v. *White,* 130 Tenn. 520 (172 S. W. 301); *Knoxville Ry. & Light Co.* v. *Vangilder,* 132 Tenn. 487 (178 S. W. 1117, L. R. A. 1916A, 1111); *Jones* v. *Sunshine Grocery & Market* (Tex. Civ. App.), 236 S. W. 614), we think it improper to do so. Each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is: What would an ordinarily prudent person have done under

the circumstances as they then appeared to exist? Can we say that all reasonable minds would reach the conclusion that plaintiff failed to exercise due care to avoid this collision? We think not. Plaintiff had a right to assume, in the absence of notice to the contrary, that defendant would not put this dusty, gray-colored truck on the highway after dark without displaying a red light on the rear thereof. If the truck had been lighted, the jury might well have drawn the reasonable inference that plaintiff would have been able to avoid striking it. As stated in *Haynes* v. *Doxie,* 52 Cal. App. 133 (198 Pac. 39):

"Notwithstanding the facts stated, it may also be true that if the truck had been lighted, as required by law, plaintiff would have been able to see it, and would have seen it, while at a distance great enough to enable him to stop his automobile, and avoid the collision."

In *Hallett* v. *Crowell,* 232 Mass. 344 (122 N. E. 264), it was said:

"The jury doubtless could find that the plaintiff's motorcycle, lighted as required by law, could be stopped at the rate of speed he was going within a distance of 15 feet, and that he was about 25 feet distant when he saw the rear wheel of the defendant's unlighted farm wagon. But the defendant was violating the statute, and the jury could find that the plaintiff did not know the wagon was ahead until he observed the glitter of his own headlight upon the rim of the right outside rear wheel of the wagon, when although driving at proper speed and immediately turning to the left as far as he could, he came into collision with the wheel and was severely injured. * * It was therefore a pure question of fact whether under all the circumstances he exercised the care of the ordinarily prudent traveler."

In *Concoran* v. *City of New York*, 188 N. Y. 131 (80 N. E. 660)—a case involving a similar state of facts—we find this significant language:

"We are also of the opinion that the question of contributory negligence was one of fact for the consideration of the jury. The automobile was going at the rate of eight to ten miles an hour, and Noyes was shown to have been an experienced and careful operator. Although the testimony tends to show that this automobile, weighing three thousand pounds, and going at the rate of from eight to ten miles an hour, could have been stopped in from eighteen to twenty feet, it is still a question of fact whether under the conditions which existed the guard rail and fence were visible from a sufficient distance to make such a stop possible. It is true that one of the occupants of the tonneau testified that the fence could be distinguished at a distance of fifteen feet, but that is by no means conclusive, for the plaintiff was entitled to the benefit of the legal principle that a traveler on a city street has the right to assume that all the parts thereof intended for travel are safe, and he is not open to the imputation of negligence if he fails to discern an unknown and concealed danger at the very instant necessary to prevent an impending disaster."

While there is authority to the contrary, we believe the better reasoned cases support the holding that whether plaintiff failed to exercise due care to avoid the collision was a question of fact for the jury: *Wurl* v. *Watson*, 67 Cal. App. 625 (228 Pac. 43); *Haynes* v. *Doxie, supra; Ross* v. *Hoffman et al.* (Mo. App.), 260 S. W. 679, distinguishing prior decisions of that court and considering *Lauson* v. *Fond du Lac, supra,* upon which appellant so much relies; *Hatch* v. *Daniels*, 96 Vt. 89 (117 Atl. 105); *Tutsch* v. *Omaha Structural Steel Works*, 110 Neb. 585 (194 N. W. 731); *Bancroft* v. *Town of East Montpelier*, 94 Vt. 163 (109 Atl. 39); Berry on Automobiles (4 ed.),

§ 873. No error was committed in denying motions for nonsuit and directed verdict.

3. Appellant predicates error on the giving of the following instruction:

"As I said a person traveling the highway has the right to assume that all other persons also using that highway would observe the laws, and he is not bound to keep a lookout for others who may violate the law. So if in this case you find that the defendant had parked his car upon the highway during the period of an hour or more after sunset and an hour before sunrise plaintiff would not be obliged to keep a lookout for him nor assume he might be there. But when approaching the truck he could not ruthlessly run into it or run it down simply because it was violating the law, and it would be his duty under such circumstances to use every reasonable effort to avoid colliding with it, and if he did so use every effort and care that a reasonably prudent and careful man would have used under such circumstances, and notwithstanding such effort a collision occurred, the plaintiff would not be liable nor guilty of contributory negligence, notwithstanding the other car was negligently left there."

This instruction, considered in its entirety, is not objectionable. We take it that it is not necessary to cite authorities to establish the proposition that plaintiff had the right to assume that defendant would obey the law of the road.

4. Appellant urges that the court erred in instructing the jury relative to the measure of damages as follows:

"In that case you would want to allow him such amount as would make the whole of the injury; that is, so that he would not be any the poorer on account of the accident. And in doing that you may take into consideration the reasonable cost of the parts that were or are necessary to be replaced, and

the reasonable cost of the materials and labor necessarily employed in making the repairs to the car, and the cost of removal, if any, of the car from the place of the collision to the repair shop. Such amount, however, could not under any circumstances, exceed the amount asked for in the complaint, that is, $435.40. And in considering those facts you would not include any items that were not necessarily required to replace or repair the parts of the car injured by this accident. In other words, the mere fact that the car when it was repaired for the damages received at the accident, if any, received other improvements that added to the value of the car over and above its former value, or made it a better car in any particular, but were not due as a result of the injuries received in the accident, he would not be entitled to recover for that; but only such amount as was necessarily incurred by reason of the repair rendered necessary by the accident. And then he could only recover the reasonable value of those repairs and the labor employed in making the repairs. It would not be a question of how much he actually paid out for it, but would be the reasonable worth on the market, both of the labor and material, to have the car repaired. After determining these amounts, you should insert the total amount in your verdict as the amount you find the plaintiff was damaged. * * "

As stated in *Hansen* v. *O.-W. R. & N. Co.,* 97 Or. 190 (188 Pac. 963, 191 Pac. 655), and approved in *Longbotham* v. *Takeoka,* 115 Or. 608 (239 Pac. 105):

"The measure of damages for an injury to personal property is generally the difference between its value at the place immediately before and immediately after the injury."

It would have been more accurate for the court to have followed this well-established rule, but we fail to see wherein appellant was injured by the instruction given. Ordinarily, the reasonable value of repairs to put an automobile in substantially the same

condition it was in prior to the collision corresponds
to the difference between the value of the car before
and after it was struck.    Indeed, it is favorable to
appellant in that it eliminates the element of deprecia-
tion in value resulting from the automobile having
been in a collision.    If there were any evidence tend-
ing to show that the cost of repairs exceeded the
difference in value of the automobile before and after
the accident, defendant would have cause to complain.
As held in *Overpeck et al.* v. *City of Rapid City,* 14
S. D. 507 (85 N. W. 990):

"Presumptively, at least, the difference in its value
before and after it was injured would be the amount
that it would cost to repair it and restore it to its
former condition.    Assuming the rule, therefore, as
claimed by appellant, to be the better rule * * , yet
the adoption by the court below of the other rule
would not, in our opinion, constitute reversible error."

Appellant's contention was made in *Lonnecker* v.
*Van Patten* (Iowa), (179 N. W. 432), and the court
said:

"It is thought by appellant that the court erred in
the instructions to the jury in regard to the measure
of damages for that he contends that, in the absence
of total destruction of the property, the measure is
the difference in value immediately before and imme-
diately after.    At this point the court instructed that
the measure would be the reasonable cost of repairs
made, or necessary to be made, to place his car in
as good condition as it was just prior to the collision,
and for the reasonable value of the use of said car
during the time it was reasonably necessary to make
the repairs on the same so it could be operated, etc.
Doubtless, the rule contended for by appellant would
have been appropriate; but the rule adopted by the
court was likewise so.    Ordinarily, there would not be
any material difference between the value before and
after it was injured and the actual cost of the repairs

required to return it to its former condition; that is, the difference in value before and after would be the amount that it would cost to repair it and return it to its former condition.''

5. It is certain that evidence of reasonable value of repairs is admissible relative to the value of the automobile after it was injured: *Southern Ry. in Kentucky* v. *Kentucky Grocery Co.,* 166 Ky. 94 (178 S. W. 1162); *Hintz* v. *Roberts,* 98 N. J. L. 768 (121 Atl. 711); *Blanke* v. *United Ry. Co.* (Mo. App.), 213 S. W. 174; *Hughes* v. *Wells,* 81 N. J. L. 339 (79 Atl. 1035); *Knudson* v. *Bockwinkle,* 120 Wash. 527 (208 Pac. 59); *Madden* v. *Nippon Auto Co.,* 119 Wash. 618 (206 Pac. 569).

There are thirty-five assignments of error, but we have selected only those for consideration which we deem material and upon which we believe counsel for appellant seriously rely for reversal. The court fully and fairly submitted the issues, and substantial justice has been administered.

It follows that the judgment of the lower court is affirmed.                                    AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.