[No. 20847. Department Two. May 1, 1928.]

## A. F. ROWELL, *Respondent*, v. A. E. JOHNSON, *Appellant.*[1]

[1] MUNICIPAL CORPORATIONS (379, 389)—USE OF STREETS—COLLISION AT CROSSING—NEGLIGENCE—EVIDENCE — SUFFICIENCY. A finding that plaintiff was first at an intersection and that defendant was driving at an unlawful speed without keeping a proper lookout, is sustained by evidence to the effect that, on plaintiff's approach in second gear, the defendant's car was seen to the right three hundred feet from the intersection, that plaintiff's car was struck on its right side after it was three-quarters of the way across the intersection, and defendant testified he did not see it until six feet from it.

[2] DAMAGES (62)—INJURIES TO PERSONAL PROPERTY—COST OF RE-PAIRS—DEPRECIATION IN SALE PRICE. Where an auto has been in a serious collision, the cost of repairs is not necessarily the measure of damages, but plaintiff is entitled to recover for depreciation in sales value, notwithstanding evidence of good repair job, making the car apparently all right.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 28, 1927, upon findings in favor of the plaintiff, in an action for damages to an automobile sustained in a collision. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Horan & Mulvihill* and *Alex. McK. Vierhus,* for respondent.

[1]Reported in 266 Pac. 733.

MAIN, J.—This action was brought to recover damages to an automobile owned and driven by plaintiff when it was struck by an automobile owned and driven by the defendant. The defendant denied liability, and by cross-complaint sought damages against the plaintiff. The trial was to the court without a jury, and resulted in findings of fact, conclusions of law and judgment sustaining the right of plaintiff to recover in the sum of $850, from which judgment the defendant appeals.

The accident out of which the litigation arose happened at the intersection of Twenty-fourth street and Rucker avenue in the city of Everett, at about ten o'clock p. m., on July 31, 1926. Twenty-fourth street extends east and west, Rucker avenue north and south. At the intersection, there is a street light which was burning at the time of the accident. On Twenty-fourth street, as it approaches Rucker avenue from the west, there is a considerable up-grade.

Upon the question of liability, we see only questions of fact in the case. The evidence is in dispute upon vital matters as touching the liability of the respective parties.

The respondent testified that he was proceeding east on Twenty-fourth street, and as he went up the grade he placed the automobile which he was driving in second gear. As he approached the intersection, he looked to the right and saw a car approximately three hundred feet to the right on Rucker avenue proceeding north. The dimmers and spot light of respondent's car were on. After he looked to the right and saw the appellant's car approaching, he started across the intersection at a speed of from twelve to fifteen miles an hour, and was in the act of shifting from second to high gear when his automobile was struck in about the

center, on the right side, by the automobile driven by the appellant. At this time, the rear end of the respondent's automobile was six to eight feet east of the center line of the intersection. If the respondent's testimony is true, he was in the intersection first, and more than half way across it when his car was struck by the other car.

The appellant testified that he was proceeding north on the right hand side of Rucker avenue at a speed of from fifteen to twenty miles per hour; that he did not see the respondent's automobile until about a "split second" before the collision, and that, when he saw it, he was within approximately six feet of it. He testified that he was in the intersection first, and that the respondent was proceeding across the intersection at a speed of about thirty-five miles per hour. The persons who were with the appellant in his car and who were witnesses testified substantially to the same effect.

[1] Upon this conflicting testimony, the trial court found that the respondent was driving his automobile in a careful, lawful and prudent manner; that the appellant was driving his automobile recklessly and carelessly and at an excessive and unlawful rate of speed; that the respondent entered the intersection first and that the appellant failed and neglected to keep a lookout for traffic and failed to decrease his speed when he saw, or by the exercise of ordinary care should have seen, that a collision was imminent. The trial court saw and heard the witnesses and was in a better position to weigh the testimony than are we. An examination of the evidence, as it appears in the statement of facts, leads us to the conclusion that there is not only no reason for disturbing the finding of the trial court, but that, when all the facts and circumstances are taken

into consideration, it clearly appears that the findings are supported by the greater weight of the testimony. There can be no question that, if the facts are as found by the trial court, the collision was caused by the fault and neglect of the appellant.

[2] As to the amount of recovery, it is contended that this should have been limited to the cost of the repairs of the respondent's car which was $675.56. The judgment, as above stated, was for $850. The evidence showed that the depreciation in the value of the respondent's car by reason of the accident was from $800 to $1,000. The amount as fixed by the trial court is sustained by the evidence. This is not a case where the damage to the car could be measured by the cost of the repairs. As pointed out in *Madden v. Nippon Auto Co.*, 119 Wash. 618, 206 Pac. 569, there may be damage to an automobile of such a character that cost of the repairs would be full compensation. But, in more serious injuries, this is not necessarily true, because an automobile that has once been in a serious accident is depreciated in sale value to a greater extent than it would have been without the accident. In *Knudson v. Bockwinkle*, 120 Wash. 527, 208 Pac. 59, it was held that, in an action for damages to an automobile, a recovery for $1,000 was proper where the repair bill was $753.38, and $250 was the minimum testified to by experts as to the depreciation in the value by reason of the accident after the repairs were made. It is true that the respondent testified that, so far as he knew, the automobile, after the repairs were made, was all right, but this testimony, together with that of the proprietor of the garage which did the repair work to the effect that a good job was done and that the car was fixed up all right, does not go to the extent of establishing that there was no depreciation

in the value of the car over and above the cost of the repairs.

The judgment will be affirmed.

Fullerton, Holcomb, Askren, and Tolman, JJ., concur.