[No. 21928. Department One. June 13, 1929.]

CHARLES MERILA, *Respondent*, v. DAN BRHORICH, *Appellant*.[1]

*O. M. Nelson*, for appellant.

*W. A. Ackerman*, for respondent.

HOLCOMB, J.—Respondent recovered damages from appellant, by reason of an automobile collision, upon a trial to the court, without a jury.

Upon appeal, appellant complains of the ruling of the trial court in admitting certain bills for repairs to the damaged automobile of respondent, as evidence of the damages to his car. It is contended that there was no competent evidence of damages as found by the trial court.

Appellant relies upon our decision in *Alexander v. Barnes Amusement Co.*, 105 Wash. 346, 177 Pac. 786, to the effect that we held that the true measure of damages is the difference in value of property before and after the accident, where the adverse party objected to the repair bills as proof of damages.

[1]Reported in 278 Pac. 423.

It is argued that, inasmuch as no expert testified that the bills introduced by respondent were reasonable in amount nor the fair value of repairs, nor the actual cost thereof, the proof was insufficient and no actual damage was shown.

The record shows that respondent introduced proof in the trial court to the effect that the difference in value immediately before and immediately after the collision was $500. He also introduced in evidence the repair bills actually paid for repairing the car, amounting to $209.15.

The trial court evidently took the view that the repairs to the car made it of about as much value after the injury as before.

The *Alexander* case, *supra,* was not intended to deny the right of either party to resort to any legitimate evidence to show damages. In the case of an automobile, many injuries are of such a nature that they can be made whole by repairs. *Madden v. Nippon Auto Co.,* 119 Wash. 618, 206 Pac. 569.

The evidence as to repairs is somewhat similar to that passed upon in *Poole's Seed & Imp. Co. v. Rudene,* 117 Wash. 150, 200 Pac. 1104.

The cost of repairs has been recognized as evidence of the measure of damages in several other cases: *Anderson v. McLaren,* 114 Wash. 33, 194 Pac. 828; *Knudson v. Bockwinkle,* 120 Wash. 527, 208 Pac. 59; *Western Machinery Exchange v. Northern Pacific R. Co.,* 142 Wash. 675, 254 Pac. 248.

Since the trial court by its judgment granted respondent the least amount of damage to which he would be entitled, we think there is no just ground of complaint.

Affirmed.

FULLERTON, TOLMAN, BEALS, and MAIN, JJ., concur.