(No. 6708.   May 7, 1940.)

RALPH J. BALDWIN, Respondent, v. F. K. MITTRY and
O. K. MITTRY, and the IDAHO GARAGE, a Co-part-
nership Consisting of F. K. MITTRY and O. K. MIT-
TRY, Appellants.

[102 Pac. (2d) 643.]

Otto E. McCutcheon and Anderson, Bowen & Anderson, for Appellants.

Kenneth S. MacKenzie, for Respondent.

BUDGE, J.—The evening of December 22d about 11:30 respondent in a Ford V8 left Blackfoot intending to go to Rigby. Approximately one mile south of Idaho Falls on the Yellowstone Highway respondent collided with a wrecker of appellants which was parked diagonally across the highway from east to west engaged in extricating an automobile, the Gray car, from the east borrow pit. This action for damages was instituted by respondent. During the trial appellants moved for a nonsuit and a directed verdict, both of which were denied and the case went to the jury and a verdict was rendered in favor of respondent for $750. Thereafter appellants moved for a new trial or judgment notwithstanding the verdict, which motions were denied, and this appeal was then taken from the judgment and the order denying the motion for new trial.

The main question presented is raised by assignments of error numbered eleven to sixteen inclusive which urge insufficiency of the evidence and error in refusing and denying the motions for nonsuit, directed verdict, new trial, and judgment notwithstanding the verdict. The position taken by appellants is that they were not negligent and that respondent was guilty of contributory negligence as a matter of law which contributed as a proximate cause to respondent's injury in that he failed to see that which was plainly visible and in failing to see an object upon the highway. The question thus is whether there was, or was not, sufficient evidence of contributory negligence to warrant the court in taking the case from the jury. The evidence submitted is in many instances contradictory. It is disclosed that the wrecker of

appellants was parked diagonally across the highway with the front end to the northwest and with the headlights shining diagonally away from respondent as he approached from the south. There is evidence that the front wheels of the wrecker extended across the yellow center line of the highway about three feet and there is likewise evidence that the front end was one and one-half to three feet east of the center line and that its rear wheels were on the east shoulder. The Gray car in the borrow pit to the east of the highway had its headlights pointing to the north and there is evidence that the battery of the Gray car had been weakened by repeated attempts to start the motor. Testimony with reference to atmospheric conditions and the degree of visibility was likewise contradictory. Some witnesses stated it was stormy, snowy and sleety and snow was drifting across the highway and visibility was only about thirty feet. On the other hand there is testimony the night was clear and visibility was practically unlimited. There is testimony that in addition to the headlights upon the wrecker and the Gray car burning at the time of the accident that the wrecker also had a spot-light which was shining upon the Gray car in the borrow pit and there were several red and green lights on the cab of the wrecker visible from the south, and there is evidence that Mrs. Gray took a two celled-flash-light and ran down the road some thirty-five or more feet and attempted to flag the approaching car of respondent without any perceptible effect. It appears unquestioned that appellants had placed no warning flares upon the highway. Respondent's testimony was to the effect that he did not see the wrecker or the Gray car or any of the lights as he looked directly down the road, and that he was approximately thirty feet from the wrecker when he first saw it when suddenly "it loomed up" and that he saw no one attempting to flag him. He stated that owing to the stormy night, slick pavement and poor visibility respondent proceeded cautiously at a speed of twenty to twenty-five miles an hour and again there is testimony to the effect that his speed was greater, as high as fifty miles an hour. Respondent testified the lights on his car were in good condition, burning brightly and under normal conditions he could see 220 feet; that his windshield

was clean and was equipped with a sander to keep it free from frost. The rule announced by this court in numerous cases is that contributory negligence is generally a question of fact for the jury and never one of law unless the facts alleged in the complaint, or proven, are susceptible of no other interpretation than that the conduct of the injured party caused or contributed to his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances. (*Stanger v. Hunter,* 49 Ida. 723, 291 Pac. 1060; *Adkins v. Zalasky,* 59 Ida. 292, 81 Pac. (2d) 1090; *Allan et ux. v. Oregon Short Line R. Co.,* 60 Ida. 267, 90 Pac. (2d) 707; *Nelson v. Inland Motor Freight Co.,* 60 Ida. 443, 92 Pac. (2d) 790; *Smith v. Oregon Short Line R. R. Co.,* 32 Ida. 695, 187 Pac. 539; *Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670; *Williamson v. Neitzel,* 45 Ida. 39, 260 Pac. 689; *Testo v. Oregon-Wash. R. R. & Nav. Co.,* 34 Ida. 765, 203 Pac. 1065; *Bressan v. Herrick,* 35 Ida. 217, 205 Pac. 555; American Jurisprudence, vol. 5, sec. 420, p. 745; *Bennett v. Deaton,* 57 Ida. 752, 68 Pac. (2d) 895.)

Appellants contend in effect that respondent was guilty of contributory negligence as a matter of law because an automobile driver must have his automobile under such control as to be able to stop within range of lights even if vision is shortened by storm or other conditions, and cites authorities supporting such rule. Such contention has been considered heretofore by this court and the doctrine disapproved. In *Stanger v. Hunter, supra,* it is said:

''The foregoing cases, as we understand them, hold rather arbitrarily to the doctrine that a driver is as a matter of law guilty of contributory negligence in not driving so that he can stop within the radius of his lights and in not, under all circumstances, seeing whatever his lights may disclose in time to stop.

''Other courts do not approve that doctrine and hold that one driving in the night-time must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights, and that he must see any object in his path which an ordinarily prudent driver

under like circumstances would have seen. (*Murphy v. Hawthorne*, 117 Or. 319, 44 A. L. R. 1397, 244 Pac. 79; *Morehouse v. City of Everett*, 141 Wash. 399, 58 A. L. R. 1482, 252 Pac: 157; *Hallett v. Crowell*, 232 Mass. 344, 122 N. E. 264; *Roach v. Los Angeles & S. L. Ry. Co.*, (Utah) [74 Utah, 545] 280 Pac. 1053; *Coca-Cola Bottling Works v. Shipp*, (on rehearing); 174 Ark. 130, 297 S. W. 856; *Williams v. Frederickson Motor Express Lines*, 198 N. C. 193, 151 S. E. 197.)

"We think the greater number of courts adhere to the latter doctrine, which we think to be more in accord with the general principle announced by this court, that:

" 'Contributory negligence is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances.' . . . .

"We think this record discloses circumstances raising a debatable question as to whether or not in view of them respondent was guilty of negligence in failing to see the truck before he came too close to stop; that is, in failing to see it more immediately after passing the car fifty feet from it, or in failing to stop to let the passing car get by."

One of the most recent cases involving similar circumstances is the case of *Nelson v. Inland Motor Freight Co.*, *supra*, which is in part as follows:

"As to the exact circumstances attending the accident, it is difficult to determine. There is no dispute as to the fact that the appellant's trailer and truck were on the proper side of the highway; that the Hall car was on the right and proper side of the highway; that it was a foggy night; that the appellant's trailer and truck had been stopped on the highway for some ten or fifteen minutes and that it was stationary at the time of the impact. There was testimony both ways as to the speed of Hall's car, varying from 30 miles an hour, as testified by Hall himself, to the allegation of respondent Frances Nelson that his speed was in excess of 60 miles per hour. There was evidence that Hall was driving recklessly

at the time of the accident and evidence that he was driving carefully and could not avoid the accident. . . . . There was evidence that appellants' trailer did not have sufficient clearance lights and tail lights and there was also evidence that the trailer had all the lights required by law and in addition thereto had a flare out to warn approaching cars. Altogether there was evidence introduced to show that the respondent Hall was guilty of negligence and that such negligence was a sufficient intervening factor to well have been the proximate cause of the accident. The same applies to appellant Company. In other words, there was sufficient evidence of negligence on the part of the company which (if believed) would justify recovery against the Company for damages which resulted from the collision. There was also sufficient evidence of Hall's contributory negligence which (if believed) would be sufficient to preclude recovery. However, all the questions were purely matters of fact for the jury to determine. . . . . There being credible evidence both ways in this matter, and all facts necessary to establish liability either way, and the jury having passed upon it, we can not disturb the verdict on the question of insufficiency of evidence.''

▪ The evidence discloses that appellants created the condition which caused the accident, that is, placing the wrecker diagonally across that side of the highway upon which respondent had the right to drive. The record further discloses the physical fact that the headlights of both the wrecker and the car in the borrow pit were pointed away from the direction from which respondent approached. While there is evidence that there were numerous red and green lights upon the cab of the wrecker and which faced the direction from which respondent approached, what effect such lights might have upon a reasonably prudent person is debatable, that is, could it be assumed that such lights were the rear warning lights of a receding vehicle upon the highway or must a driver be bound with knowledge that such lights were side lights of a wrecker parked diagonally across the road. Again, while the statute may not make it obligatory to place warning flares it would seem the failure to do so would raise the question whether appellant exercised ordinary care. We believe this record discloses circumstances raising a debatable question

as to whether or not respondent was guilty of negligence in failing to see the wrecker before he came too close to stop. There being credible evidence both ways in this matter and the jury having passed thereon we cannot disturb the verdict.

■ Appellants urge the court erred in permitting the witness Mehlquist to testify as to the repair bill on the Baldwin car as a measure of damages. Evidence of the reasonable value of repairs to a damaged automobile, to show the difference in its value before and after it was injured is admissible. (*Overpeck v. City of Rapid City*, 14 S. D. 507, 85 N. W. 990; *Lonnecker v. Van Patten*, (Iowa) 179 N. W. 432.)

"It is certain that evidence of reasonable value of repairs is admissible relative to the value of the automobile after it was injured. *Southern Ry. in Kentucky v. Kentucky Grocery Co.*, 178 S. W. 1162, 166 Ky. 94; *Hintz v. Roberts*, 121 A. 711, 98 N. J. Laws, 768; *Blanke v. United Ry. Co.*, (Mo. App.) 213 S. W. 174; *Hughes v. Wells*, 79 A. 1035, 81 N. J. Law, 339; *Knudson v. Bockwinkle*, 208 P. 59, 120 Wash. 527; *Madden v. Nippon Auto Co.*, 206 P. 569, 119 Wash. 618." (*Murphy v. Hawthorne*, 117 Or. 319, 244 Pac. 79, 44 A. L. R. 1397.)

■ Error is urged in permitting certain witnesses to testify as to custom, although such evidence was afterwards stricken. This court has heretofore announced the rule that appellant cannot complain of testimony stricken from the record, as prejudicial. (*McCoy v. Krengel*, 52 Ida. 626, 17 Pac. (2d) 547; *Big Springs Land & Live Stock Co. v. Beck*, 45 Ida. 509, 263 Pac. 477; *Smith v. Hines*, 33 Ida. 582, 196 Pac. 1032.)

■ Appellants urge the court was in error in permitting William Corey to be called for cross-examination under the statute, as he was not a party to this action and was not within the statute permitting cross-examination. (Sec. 16–1206, I. C. A.) The witness Corey should not have been cross-examined under the statute, *supra,* and we do not approve of this practice. However, under the facts disclosed in the record appellants were not prejudiced by the evidence elicited. It further appears that much if not all the material matters testified to by the witness Corey were in substance elicited from other witnesses and other matters sought to be proven were admitted by counsel for appellants on the trial, and any

error there may have been was therefore not prejudicial. (*Radermacher v. Radermacher* (on rehearing), 59 Ida. 716, 87 Pac. (2d) 461.)

Appellants' remaining assignments of error urge that certain evidence should not have been admitted and that it was prejudicial, but it is not pointed out wherein or in what respect or for what reason the evidence was prejudicial. The rule would seem to be that error is never presumed on appeal, and since the appellate court need not search the record for possible errors the burden of showing it is on the party asserting it, or as sometimes stated, the burden of showing error affirmatively is upon the appellant. (*Judy v. Reilly Atkinson & Co.*, 59 Ida. 752, 87 Pac. (2d) 451; *Hill v. Porter*, 38 Ida. 574, 223 Pac. 538; *Donahoe v. Herrick*, 44 Ida. 560, 260 Pac. 150; 5 C. J. S. 262, sec. 1533.)

The judgment is affirmed. Costs awarded to respondent.

Ailshie, C. J., and Morgan and Holden, JJ., concur.

Givens, J., dissents.