352 P.2d 243

**F. W. THOMPSON, doing business under the name and style of Heaven to 7 Shop, Plaintiff-Appellant,**

**v.**

**FIRST SECURITY BANK OF IDAHO, NATIONAL ASSOCIATION, a corporation, Defendant-Respondent.**

**No. 8735.**

Supreme Court of Idaho.

May 18, 1960.

Carver, McClenahan & Greenfield, John W. Gunn, Boise, for appellant.

Hawley & Hawley, Boise, for respondent.

SMITH, Justice.

Appellant instituted this action against respondent to recover damages to goods and merchandise, to interior walls and ceilings, and for loss of profits allegedly caused by the construction, during, the period June 14, 1954, to January 31, 1956, of respondent's building, adjacent to the building which appellant occupied and in which he conducted his mercantile business during the period of construction.

The cause was tried before the court sitting without a jury. At the conclusion of appellant's case, the trial court granted respondent's motion for a nonsuit as to appellant's cause of action for loss of profits, on the ground that the entire alleged loss, a part of which was not proven, was attributable to a factor which had not been revealed in appellant's complaint, namely, the presence of barriers which impeded or prevented customer traffic into appellant's premises. Appellant did not appeal from this ruling.

Upon completion of all the testimony, the court found that respondent had caused, permitted and maintained a private nuisance during the mentioned construction period; further, that the evidence, while it showed that appellant's stock in trade was injured, failed to prove any pecuniary amount of damages or provide any means by which such might be determined.

The trial court gave judgment in appellant's favor in the amount of $420.62, as damages to the interior walls and ceilings of his business premises. Appellant appealed from that portion of the judgment adjudging that he recover nothing on his claim for damages to goods and merchandise.

Appellant assigns as error the trial court's failure to find any pecuniary amount

of damage to appellant's merchandise after finding that the same had in fact been damaged.

Appellant contends that inasmuch as his cost of goods purchased during the period of construction was $28,018.28 and, since he normally used a mark-up of 66⅔% of cost, the damaged merchandise would have sold for $46,697.13, but, due to the damage inflicted by the acts of respondent, appellant was able to sell said goods for only $38,632.31, and hence he sustained damages in the amount of $8,064.82.

We cannot agree with appellant's contention. Appellant seeks the adoption of a rule regarding damage to personal property which does not appear to rest upon an established theory. Here, the personalty was not totally destroyed, but only subjected to some injury. The governing rule in such instance is, that the damage constitutes the reasonable cost of repair plus the value of the loss of use of the property during the period of time necessary for repairs, provided of course, that the sum of these two items does not exceed the difference in the market value of the property before and after the injury. McGuire v. Post Falls Lumber & Mfg. Co., 23 Idaho 608, 131 P. 654; Baldwin v. Mittry, 61 Idaho 427, 102 P.2d 643; Garrett Freightlines v. Sell, 63 Idaho 738, 125 P.2d 1020. Appellant would seek to impose a rule allowing proof of damages to personal property by showing a diminution of gross profits during the period in which the injury was inflicted. Cf. Nelson v. Oversmith, 69 Idaho 1, 201 P.2d 747; Williams v. Bone, 74 Idaho 185, 259 P.2d 810. Here, there is no evidence showing what specific merchandise was injured, what its value was at any time, or what may have been the cost of its cleaning or repair. There was no recognized basis upon which the trial court could have predicated damages in any amount.

Appellant was afforded opportunity to establish his damages within the realm of reasonable certainty. On one occasion he stated that he would bring into court invoices showing the cost of the damaged merchandise. This, he failed to do. In Conley v. Amalgamated Sugar Co., 74 Idaho 416, 263 P.2d 705, 709, this Court said:

"It is almost axiomatic that the time and place to win the factual features of a law suit is in the trial tribunal, not in the appellate court."

The judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.